No. 26,190.

FRED WILSON, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Notice of Appeal—Statutory Limitation.* Under the statute requiring notice of an appeal from an order of the state compensation board disallowing a veteran's claim to be filed within ninety days after the entry of the order, the filing of such a notice more than six months after the making of the order is ineffective, at least where there is no showing that an entry of the order had not been promptly made.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 7, 1925. Reversed.

*C. B. Griffith,* attorney-general, *Donald W. Stewart,* of Independence, and *J. F. Darby,* county attorney, for the appellant.

*Homer V. Gooing,* and *Edward E. Pedroja,* both of Eureka, for the appellee.

The opinion of the court was delivered by

MASON, J.: On December 18, 1923, a claim of Fred F. Wilson for compensation as a veteran of the World War was disallowed by the state compensation board. On appeal to the district court, judgment was rendered allowing the claim, and this appeal is taken from that decision.

A reversal is asked upon the ground that the appeal to the district court was taken too late to be effective. Such an appeal is perfected by filing with the clerk of the court a written notice stating that the claimant appeals to it, stating the grounds and his post-office address, the notice to be filed "within ninety days after entry by the state board of the order of disallowance." (R. S. 73-126.) Here the notice of appeal was not filed until June 28, 1924, more than six months after the claim had been disallowed.

The claimant's contention is that the ninety days allowed for appeal to the district court by the terms of the statute does not run from the time an order of disallowance is made, but from the time it is entered, and that conceding the claim to have been disallowed by the board on December 18, 1923, no evidence was presented to the district court that the order of disallowance was entered at that time, or as to when it was entered. The board's abstract filed in this court sets out what purports to be a copy of a written notice

of disallowance, dated June 18, 1923, given by the board to the claimant. The claimant, however, urges that this is no part of the record because it was not introduced in evidence.

The terms "render" and "enter," when used with respect to the order of a court or other tribunal, are of course not strictly synonymous, although sometimes used interchangeably in a colloquial way. Under the former law when the service of a case-made was a step in a proceeding in error, it was required to be made within a fixed time "after the judgment or order is entered." (Original Code of Civil Procedure, § 548.) The statute was often referred to as though the time ran from the date of the rendition of the judgment. (See, for example, *Land Co. v. Muret*, 57 Kan. 192, 45 Pac. 589; *Hardy v. Curry*, 75 Kan. 92, 89 Pac. 19.) But in at least one instance, where the entry was made at a subsequent term of court and was not made as of the earlier term, the controlling date was held to be that of entry and not of rendition. (*Board of County Commissioners of Kearny County v. Rush*, 58 Kan. 816, 50 Pac. 874, in which the opinion is not officially reported.)

It is not asserted by the claimant that the judgment was not in fact entered on the day it was rendered—merely that evidence of the fact was not introduced at the hearing in the district court. The statute provides that in all cases of the disallowance of claims by the board "the secretary of the board shall enter an order setting forth such disallowance and the reasons therefor, and shall forthwith mail to the applicant and to the proper county board a copy of said order, which shall show upon its face the date upon which it was entered." (R. S. 73-123.) In the absence of a showing to the contrary, the presumption is that the secretary performed his duty. In the notice of appeal served by the claimant the order appealed from is described as "dated the 18th day of December, 1923," and the use of the word "dated" rather than "made" or "rendered" fairly implies that it had been reduced to writing.

The judgment is reversed and the cause is remanded with directions to dismiss the appeal from the board's order disallowing the claim.