No. 26,204.

WILLIAM PRESSLEY TALBOT, *Appellee,* v. KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Appeal—Commencement of Limitation Period.* The ninety days allowed for the taking of an appeal from a decision of the district court in a soldiers' compensation case runs from the rendition of the judgment and not from its being made of record, and is not affected by a delay in the preparation of a journal entry, or the furnishing a copy thereof to the secretary of the state board.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed April 11, 1925. Appeal dismissed.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Payne H. Ratner,* county attorney, and *Donald W. Stewart,* of Independence, for the appellant.

*Carl V. Rice,* of Parsons, for the appellee.

The opinion of the court was delivered by

MASON. J.: On April 25, 1924, the district court rendered judgment in favor of a claimant under the soldiers' compensation act. The state compensation board undertook to appeal from the decision by a notice served and filed in November. The claimant moves to dismiss because of the appeal not having been taken within the ninety days allowed by statute. (R. S. 73-130.) In opposition to the motion it is urged that the delay was caused by the delay and neglect on the part of counsel for the claimant "in failing to have filed and certified to the compensation board the journal entry of judgment from which this appeal is taken." A journal entry of the decision was filed shortly before October 1, and a certified copy thereof was promptly transmitted to the compensation board. The time for taking an appeal to the district court from an order of the board disallowing a claim runs from the time the order is entered. (*Wilson v. Soldiers' Compensation Board,* ante, p. 165, 233 Pac. 1034.) The time for taking an appeal from the decision of the district court in a soldiers' compensation case, as in ordinary litigation, runs from the time judgment is rendered. (R. S. 73-130, 60-3309.) The existence of a custom for the attorney for the prevailing party to prepare, for the convenience of the judge and clerk, a form in which a judgment is to be entered upon the journal of the court, and his

omission to do so, cannot postpone the running of the period allowed for the taking of an appeal.

The provision of the statute that a certified copy of the final order of the district court in a soldiers' compensation case shall be filed with the secretary of the state board (R. S. 73-132) is doubtless intended for the completion of the board's records. The board, being a party to the litigation, is bound to take notice of the rendition of the judgment, and the furnishing of a formal record is not essential to the taking of an appeal or to the running of the ninety days within which it must be taken.

The appeal is dismissed.