No. 26,214.

KEITH EGLESTON KINYON, *Appellant,* v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellee.*

SYLLABUS BY THE COURT.

1. SOLDIERS' COMPENSATION—*Appeal—Reasonableness of Limitation Period.* The provision of the soldiers' compensation law requiring an appeal from a decision of the state board against a claimant to be taken, if at all, within ninety days cannot be held invalid on the ground that the period so fixed is unreasonably short.

2. SAME—*Court Cannot Extend Period.* The court has no power to extend the period within which the statute requires an appeal to be taken from a disallowance of a claim by the state soldiers' compensation board, although the delay may have been caused by accident or excusable mistake.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed April 11, 1925. Affirmed.

*George D. Rathbun,* of Manhattan, for the appellant.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Donald W. Stewart,* of Independence, and *A. M. Johnston,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: The claim of Keith Egleston Kinyon under the soldiers' compensation act was disallowed by the state board April 14, 1924. He undertook to appeal to the district court, but his appeal was dismissed because filed too late. He now appeals from that ruling.

The statute requires an appeal from the ruling of the state board to be taken, if at all, within ninety days after its entry. (R. S.

73-126.)   The claimant makes two contentions: That the time for appeal allowed by the statute is unreasonably short, and on that account should not be strictly enforced; and that without fault on his part he was prevented from the timely taking of an appeal, because he did not learn of the disallowance of his claim until it was practically too late to take the necessary steps within the period named, and that the time should be extended for that reason.

1. A statute which undertook to bar entirely an existing claim by fixing a period of limitation which had already run would to that extent be invalid; and the period allowed by a statute of limitation may be so unreasonably short as to fall under the same condemnation.   Under special circumstances, a period of three months has been held insufficient, but, on the other hand, a limitation restricted to thirty days has been upheld.   The opinion of the legislature is entitled to great weight upon the question of the reasonableness of a particular time.   (Upon all these matters see 17 R. C. L. 676-680.)   The courts would not be justified in overruling the decision of the lawmaking body that ninety days is a reasonable time within which to appeal from the decision of the state compensation board.   The case is not one of an ordinary statute of limitation.   The requirement that an appeal from the state compensation board to be effective must be taken within ninety days is imposed by the very act granting the right of appeal itself; it is one of the conditions upon which the right is granted.   We see no ground to doubt the validity of the statute.

2. The evidence upon which the claimant asks relief from the rigor of the statutory ninety-day rule tends to show these facts: He filed his claim in the spring of 1923, while living at the marine barracks in South Carolina.   He shortly changed his address to Charleston, S. C.; about March 1, 1923, he changed it to Charlotte, N. C., and about May 1, 1923, he made a change in his street number there.   On August 10, 1923, he located at 606 W. Olive street, Long Beach, N. Y., changing to 345 West Chester street on February 1, 1924, and to 30 Maryland avenue on May 30.   He gave the postal authorities notice of each of these changes.   On January 24, 1924, he wrote to the compensation board asking when he might expect his claim to be acted on, and shortly received an answer to the effect that he would be notified as soon as a decision was reached.   A letter to him from the compensation board dated April 14, 1924,

Kinyon v. Soldiers' Compensation Board.

addressed to him at 606 Olive street, Long Beach, N. Y., and stating that his claim was disallowed, reached him there on July 10. He compared dates and noticed that the letter had been long in passage, but did not preserve the envelope, as it did not occur to him it might be of any value. On the next day he wrote to the clerk of the district court of Riley county a letter stating that he wished to appeal from the decision, which was delivered July 15. On July 21 he wired a lawyer at Manhattan asking his services, and a formal notice of appeal was then filed. The notice of the disallowance of the claim by the state compensation board, which was sent to the county clerk, dated April 14, 1924, was given a filing mark dated August 9.

The question is not presented whether the ninety-day period might be extended in a case where it was impossible for the claimant to have learned of the decision in time to have perfected an appeal within that limit. He could, by inquiries at intervals, have assured himself whether the time had begun to run. He could even have had notice of an appeal in his behalf given in due season after he learned of the decision against him, by using the telegraph. It is not conclusively shown that the delay in delivery of the notice to him was due to the fault of the board. The rule which is usually recognized, and which is adopted in this state, is that a statutory requirement that an appeal shall be taken, if at all, within the time named, is mandatory and jurisdictional and not capable of modification by the courts. (2 Encyc. Pl. & Pr. 239-243; 4 Enc. L. & P. 115; 2 R. C. L. 104, 105.) The doctrine that a court has inherent power to relieve against the loss of a right to appeal by lapse of time through accident or excusable mistake appears to be confined to Indiana. (2 Encyc. of Pl. & Pr. 245, 246; 3 C. J. 1073, Note 71[a].) Doubtless relief may be given in this respect against fraud, and perhaps the adverse party may be estopped by his own conduct from availing himself of delay in perfecting an appeal, but those questions are not here involved. The appeal, not having been taken within the time prescribed, is ineffective.

The judgment is affirmed.

JOHNSTON, C. J., not sitting.