No. 26,247.

JOSEPH CARL FRAUNDORFER, *Appellee,* v. KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Appeal—Limitation Period.* In an action to recover soldiers' compensation, the proceedings considered, and held that the claimant's appeal from an order of disallowance by the state compensation board was not filed within the time required. (R. S. 73-126.)

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed June 6, 1925. Reversed.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Harry Hayward,* county attorney, for the appellant; *Donald W. Stewart,* of Independence, of counsel.

*James K. Cubbison, Jr.,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The claim of Joseph Carl Fraundorfer under the soldiers' compensation act was disallowed by the state board. On appeal the district court reversed the order of disallowance and allowed his claim. The board appeals.

The facts were substantially as follows: On May 3, 1923, the appellee made application for compensation, giving his address as 505 Twigg street, Tampa, Fla. On April 3, 1924, a notice of disallowance was mailed to him at the address given. On April 11, the notice having been returned as unclaimed by the postal authorities, a letter was sent to the Wyandotte county board asking a better

address.  On April 30 the county board gave his address as 417 Y. M. C. A., Tampa, Fla., and on May 6 the state board sent him a second notice of such disallowance.  On August 14 notice of appeal from such disallowance was filed by appellee in the district court.  The compensation board filed a motion to dismiss.  An affidavit filed by appellee stated that his application was disallowed during the month of August, 1924.  His mother testified that she received a letter from him in August telling her that his claim had been disallowed.  With this evidence before it, the district court found that the appeal was perfected within ninety days from the date of the disallowance by the state board.  Appellee's claim was allowed and judgment rendered thereon.

The appellant board contends that the trial court erred in finding that the claimant filed his appeal within ninety days from the date of disallowance.  The appellee contends that this court cannot consider any alleged error assigned by the appellants, because no record is before this court covering the evidence submitted in the court below.  The abstract filed sufficiently shows that no appeal was taken by the appellee from the order of disallowance within ninety days.

It is clear that the board made diligent efforts to notify the appellee of the disallowance of his claim.  The first notice to him of disallowance of his claim was mailed on April 3.  His appeal was not taken until August 14.  The statute requires the appeal to be taken within ninety days.  (R. S. 73-126.)  Under the authority of *Wilson v. Soldiers' Compensation Board,* ante, p. 165, 233 Pac. 1034, and *Kinyon v. Soldiers' Compensation Board,* ante, p. 367, 234 Pac. 949, it must be held that the appellee's appeal from the order of disallowance was filed too late.

The judgment is reversed with instructions to sustain the motion of the compensation board to dismiss appellee's appeal from the order of disallowance.