No. 26,532.

JOHN E. WILSON, *Appellee*, v. THE KANSAS SOLDIERS'
COMPENSATION BOARD et al., *Appellants*.

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Appeal—Limitation Period.* The rule is applied that
the appeal of a claimant under the soldiers' compensation statute from a
disallowance of his claim by the board must be taken within ninety days
from the entry of the order of disallowance, in order to be effective.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed July 10, 1926. Reversed.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general,
and *Harry Hayward,* county attorney, for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

MASON, J.: John E. Wilson applied for compensation as a veteran
of the World War, which was disallowed by the compensation board
April 16, 1924, notice being mailed to him at No. 4 State Line, Kan-
sas City, from which place his application had been made, giving
that as his address. About May, 1924, he moved to North Second
street, still receiving his mail at No. 4 State Line. At times he would
not go there for six weeks or two months. He moved back to State
Line, and about the middle of July, 1924, received the notice of
disallowance. A month later he consulted with an attorney, and on
August 14, 1924, a notice of appeal from the disallowance was filed
in his behalf. The compensation board moved to dismiss the appeal
because taken too late. The district court overruled the motion and
allowed the claim. This appeal is taken on the ground that the ap-
peal from the board's disallowance was taken too late.

The statute requires an appeal from the board's decision to be
taken within ninety days from the entrance of the order. There is
no showing that the entry was not made promptly. The interval
between the disallowance of the claim and the taking of the appeal
therefrom was practically four months. The claimant's appeal was
not taken until substantially a month after he had actual notice of
the rejection of his claim.

No appearance in behalf of the claimant has been made in this
court. We see no escape from the conclusion that his appeal was

Bounties, 9 C. J. p. 311 n. 43.

Walker Implement Co. v. Ellis.

taken too late to be effective, within the rulings of this court made since the judgment in this case. (*Fraundorfer v. Soldiers' Compensation Board,* 118 Kan. 782, 236 Pac. 637.)

The judgment is reversed with directions to dismiss the claimant's appeal.