No. 26,596.

JAMES J. McNAMARA, *Appellee,* v. KANSAS SOLDIERS' COMPENSA-
TION BOARD et al., *Appellants.*

(259 Pac. 790.)

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Appeal from Order of Board—Time for Appeal.* An
appeal to the district court from an order of the Kansas soldiers' compensa-
tion board disallowing a world war veteran's claim for compensation must
be filed within ninety days after the entry of the order of disallowance.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed October 8, 1927. Reversed.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-
general, and *Harry Hayward,* county attorney, for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal by the Kansas soldiers' com-
pensation board, from a judgment directing payment of compensa-
tion to the plaintiff for his services in the United States marine
corps during the world war.

The petition recites that application for compensation was filed
"on the —— day of ———, 192—." The defendants in their brief
say the application was filed in September or October, 1922. Com-
pensation was denied in April, 1924, but the plaintiff did not re-
ceive notice thereof until in 1925, when in response to a letter
written by him to the secretary of state, a letter was received by
the plaintiff stating that his claim had been disallowed in April,
1924. A notice of the disallowance of the claim had been filed with
the county board of compensation; that notice contained the fol-
lowing:

" 'Because discharge certificate has apparently been altered to show service
from June 16, 1917, instead of June 16, 1918, the correct date, your claim is
not considered an equitable one.' "

There was evidence which tended to prove that in November,
1923, and in November, 1924, the secretary of state in conversation
with the plaintiff had told him that no action had been taken by
the board on his claim. The appeal to the district court was filed
April 18, 1925.

Army and Navy, 5 C. J. p. 370 n. 56 new.

In *Wilson v. Soldiers' Compensation Board,* 118 Kan. 165, 166, 233 Pac. 1034, the following language is found:

"The statute provides that in all cases of the disallowance of claims by the board 'the secretary of the board shall enter an order setting forth such disallowance and the reasons therefor, and shall forthwith mail to the applicant and to the proper county board a copy of said order, which shall show upon its face the date upon which it was entered.' (R. S. 73-123.) In the absence of a showing to the contrary, the presumption is that the secretary performed his duty."

The evidence of the conversations with the secretary of state was not sufficient to overcome the presumption that the statute had been complied with.

More than ninety days elapsed between the disallowance of the plaintiff's claim and the appeal therefrom. This case is controlled by *Kinyon v. Soldiers' Compensation Board,* 118 Kan. 367, 234 Pac. 949, and *Fraundorfer v. Soldiers' Compensation Board,* 118 Kan. 782, 236 Pac. 637. The appeal was not taken in time.

The judgment is reversed, and the trial court is directed to enter judgment for the defendants.