THE UNION STOVE & MACHINE WORKS v. J. D. CAS-
WELL *et al.*

SHERIFF — *Amercement* — *Judgment, Satisfied.* On a motion to amerce
a sheriff for failure to serve an execution, where it appears that the
judgment on which the execution is based had been in fact satisfied,
and where it further appears, that at the time of the hearing of the
motion to amerce a judgment had been duly entered canceling the
judgment on which the execution issued, *held*, that the trial court did
not err in overruling the motion to amerce the sheriff.

*Error from Pratt District Court.*

PROCEEDINGS by the *Union Stove & Machine Works* against
*James Ryan*, as sheriff of Harvey county, and *John D. Cas-
well*, to amerce defendant Ryan for failure of official duty.
On the judgment entered the Union Stove & Machine Works
brings error.

*R. F. McGrew*, for plaintiff in error.

*Charles H. Apt*, and *Bowman & Bucher*, for defendants in
error.

The opinion of the court was delivered by

ALLEN, J.: This was a proceeding instituted in the district
court of Pratt county, Kansas, to amerce James Ryan, sheriff
of Harvey county, for failure to properly serve and return
two certain executions. On the 8th day of December, 1886,
the plaintiff in error recovered a judgment in the district
court of Pratt county, Kansas, against J. D. Caswell, for the
sum of $963.98 and costs. On December 20, 1886, a tran-
script of the journal entry of said judgment was filed in the
office of the clerk of the district court of Harvey county. On
the 12th day of March, 1887, the plaintiff caused an execu-
tion to be issued thereon to the sheriff of Harvey county.
This execution the plaintiff alleges was never returned. Af-
terwards, on the 23d day of July, 1887, the plaintiff caused
another execution to be issued, also to the sheriff of Harvey
county, and directed said sheriff to levy on certain real estate
situated in the city of Newton. The sheriff returned this

execution, "No property found," March 26, 1888. On March 27, 1888, Smedley Darlington commenced an action in the district court of Harvey county against John D. Caswell and wife, the Union Stove & Machine Works, *et al.*, defendants, to foreclose a mortgage executed by Caswell and wife on certain property in Harvey county. No issue was joined by any of the defendants with the plaintiff. Judgment of foreclosure was entered in his favor.

The Union Stove & Machine Works filed its answer, setting up its judgment before mentioned against the Caswells, alleging the filing of the same in the office of the clerk of the district court of Harvey county, claiming a lien by reason thereof, on the property described in the plaintiff's mortgage, and asking a foreclosure of its lien, subject only to the claim of the plaintiff. To this answer the defendants, Caswell and wife, filed a reply admitting the rendition of said judgment, and alleging, among other things, that since the rendition of said judgment, and on December 12, 1886, one William Fisher, being then and there indebted to said Caswell in a sum greater than the amount of said judgment, assumed payment of the same; that the Union Stove & Machine Works took and accepted said William Fisher in full payment and satisfaction of said judgment, taking from the said William Fisher a note for the same, secured by both real and chattel mortgages; that said Union Stove & Machine Works had since foreclosed said mortgage in the district court of Pratt county, Kansas; that said indebtedness of the said William Fisher to the said J. D. Caswell, arose in this manner: that on or about November 27, 1886, the said J. D. Caswell sold and conveyed his stock of merchandise, business house and lot to one William Eastman, who, as part consideration therefor, assumed and promised to pay the note of said J. D. Caswell to the Union Stove & Machine Works, which note was secured by mortgage on the business house and lot aforesaid, and also by chattel mortgage on heating stoves and stock of merchandise aforesaid; that afterwards, on or about December 12, 1886, the said William Eastman sold and conveyed said stock of merchandise to said William

Fisher, and said business house and lot to Bertha Fisher, subject, however, to the incumbrances placed on the same by said J. D. Caswell to the Union Stove & Machine Works, as aforesaid, and, as part of the consideration for the transfer of said stock of merchandise and business house and lot, said William Fisher assumed the obligation of said William Eastman, as aforesaid, and agreed to pay said indebtedness of the said J. D. Caswell to said Union Stove & Machine Works; that by reason of these transactions said judgment has been fully satisfied, and said Caswell relieved from payment of the same, and praying cancellation of the said judgment.

By agreement of the parties, the issues joined between the plaintiff and the defendants herein, were transferred to Reno county for trial. Afterwards, on the 13th day of November, 1888, said cause came on for trial in the district court of Reno county, before the court and jury, and the jury rendered a general verdict in favor of the defendant Caswell, and also special findings on certain questions of fact. Upon this verdict, said district court rendered a judgment in favor of the Caswells against the plaintiff herein, ordering that said judgment of said Union Stove & Machine Works against said Caswell and wife, rendered in the district court of Pratt county, be released, satisfied, canceled, and held for nothing, and against the plaintiff herein for costs.

Proceedings in error were prosecuted by the plaintiff herein from that judgment, and the judgment of the district court of Reno county was affirmed by this court. (48 Kas. 689.)

The date of the filing of the notice to amerce in this action does not appear from the record, but notice of the motion was served in March, 1888. The hearing of the motion was on the 17th day of May, 1889, about six months after judgment had been rendered by the district court of Reno county canceling the plaintiff's judgment against the Caswells. Section 472 of the code provides:

"If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed, which shall come to his hands, or shall neglect or refuse to sell any goods and chattels, lands and tenements, . . . such sheriff or

other officer shall, on motion in court, and two days' notice thereof, in writing, be amerced in the amount of said debt, damages, and costs, with 10 per cent. thereon, to and for the use of said plaintiff or defendant, as the case may be."

While it appears from the record that the judgment of the plaintiff against the Caswells still appeared of record uncanceled at the time these executions were placed in the hands of the defendant, the judgment which was afterward rendered by the district court of Reno county determined that, on the 12th day of December, 1886, Fisher assumed the payment of the indebtedness which was evidenced by this judgment, and that at the time said executions were in the hands of the defendant the judgment against the Caswells did not evidence an indebtedness from the Caswells to plaintiff, and at the time the motion to amerce the sheriff was heard and decided by the court in this case this judgment had been duly canceled by the judgment rendered in the district court of Reno county. The statute imposes no liability on the sheriff under a proceeding to amerce beyond the amount of the debt, damages, and costs, with 10 per cent. thereon. No debt existing at the time the motion to amerce was heard, no order of amercement could have been made.

The plaintiff in error complains of the ruling of the court in excluding an agreement between the parties with reference to the value of certain property in Harvey county. Unless the plaintiff had a subsisting judgment, the value of this property could make no difference in the case, and no material error was committed by excluding it. An objection was also made to the admission of certified copies of the record, pleadings and proceedings in the case of Smedley Darlington against J. D. Caswell *et al.* We think this objection was properly overruled, and that the copies, being duly authenticated, were admissible. Other errors are alleged with reference to the admission of evidence, but we are. unable to perceive that the court committed any substantial error in this respect.

The order of the district court will be affirmed.

All the Justices concurring.