No. 38,037

Isaiah Flowers (Plaintiff), *Appellant,* v. (J. H. Terry, Sr., Defendant), Robert S. Gray, Sheriff, *Appellee.*

(225 P. 2d 94)

Opinion filed December 9, 1950.

*Laurence S. Holmes,* of Wichita, argued the cause, and was on the briefs for the appellant.

*Grey Dresie* and *Carl A. Bell, Jr.* both of Wichita, argued the cause, and were on the briefs for the appellee.

The opinion of the court was delivered by

Thiele J.: This appeal arises from a ruling of the trial court

sustaining the sheriff's demurrer to the plaintiff's evidence in a proceeding to amerce the sheriff.

The record discloses that on November 26, 1946, the plaintiff commenced an action in the city court of Wichita against the defendant Terry on a claim for labor and that he appealed from the judgment of that court to the district court of Sedgwick county, which on May 10, 1947, rendered a judgment in his favor and against Terry for the sum of $242.79 for work and labor performed. On June 10, 1947, plaintiff filed a praecipe for an execution, the date of issue of which is not shown, but which was subsequently returned on August 18, 1947, with a notation that levy was made and nothing found. On October 27, 1947, a second execution was issued which was returned January 3, 1948, showing a levy made and nothing found. On January 8, 1948, a third praecipe for execution was filed, an execution issued at an undisclosed date and was returned March 16, 1948, bearing a notation showing a levy made and nothing found. On April 16, 1948, a fourth praecipe was filed, and an execution was issued on some undisclosed date and was returned on June 11, 1948, bearing a notation it was returned for issuance of an alias execution. On June 12, 1948, a praecipe for a fifth execution was issued. This execution was returned on August 9, 1948, bearing notation which included a statement that it was not served by reason of the bankruptcy proceeding, that a bond tendered the sheriff was not sufficient, and that the execution was returned not satisfied. A later return was filed on August 11, 1948, showing a levy made and nothing found.

The record further discloses that at some undisclosed date Terry, the present defendant, was declared to be a bankrupt in the United States District Court of Kansas, and that Flowers, the present plaintiff was listed as an unsecured creditor in the amount of $246 and that on January 3, 1948, Flowers filed his proof of claim setting up the above mentioned judgment of $242.79. On April 7, 1948, Flowers petitioned the bankruptcy court for and received permission to pursue his remedies against the exempt property of the judgment debtor in the state courts of Kansas. On December 7, 1948, the referee in bankruptcy heard the trustee's objection to the bankrupt's petition for his discharge, denied the objection and discharged Terry from all debts and claims provable by the bankruptcy act against his estate, except such debts as are by the act excepted from the operation of a discharge in bankruptcy. Later the trustee filed his

final report, showing that among the common claims allowed was "Isiah Flowers, Judgment $242.79."

On October 23, 1948, in the proceeding now before us the plaintiff filed his motion for amercement of the sheriff Gray in the sum of $479.03, for the following reasons: 1. That Gray was the duly elected, qualified and acting sheriff. 2. That on June 10, 1947, October 27, 1947, January 8, 1948, April 16, 1948, and June 12, 1948, plaintiff had caused successive executions to be issued, each returnable in sixty days. 3. That notwithstanding, the sheriff had failed, neglected and refused either to make or attempt to make any levy. 4. That the judgment with interest amounted to $273.14; that the costs amounted to $62.35 and that plaintiff was obligated to pay an attorney fee of $100 to institute and prosecute the proceeding. Variance between the total of the items in 4 and the amount first stated is not explained.

The trial court granted the sheriff additional time to plead and on November 12, 1948, he filed his answer to the plaintiff's motion setting forth the judgment in favor of plaintiff, the bankruptcy proceedings, and that they were still pending; that the sheriff had demanded a bond indemnifying him if he levied execution as demanded by the plaintiff and that the bond tendered was insufficient.

The motion for amercement was heard on December 13, 1949, at which time all of the above detailed facts were shown by the plaintiff. The sheriff's demurrer to that evidence was sustained and from that ruling the plaintiff has appealed to this court.

Appellant directs our attention to the statute requiring return of an execution within sixty days (G. S. 1935, 60-3426) and to provisions for amercement if the sheriff shall refuse or neglect to make his return on or before the return date, in which event he shall be amerced in the amount of the debt damages and costs (G. S. 1935, 60-3429). He also directs attention to G. S. 1935, 60-3815, which provides for a statutory penalty of $1,000. Although the record would indicate the plaintiff, by reason of his allegations, proceeded under the first sections and not the last, we need not here determine that to be the fact for in view of our conclusions it is immaterial. It is clear that with the exception of the fourth execution none was returned within sixty days from its date and other matters aside, assuming plaintiff had instituted his motion for amercement and shown himself clearly within the terms of the statute, it would have been the duty of the court to amerce the sheriff. See *Bond v. Weber*, 17 Kan. 410, for the reasoning of the court so holding.

Disposal of the present appeal however is not so simple. No contention is made that the debt evidenced by the judgment was not one which could be proved and allowed in a bankruptcy proceeding and it had been, thus distinguishing the instant case from *Robinson v. Wilson,* 15 Kan. 595, 22 Am. R. 272, relied on by appellant. At the time the motion to amerce was heard, it clearly appeared that the judgment debtor had been adjudged a bankrupt and that the appellant had proved his claim based on the judgment presently involved and that he had received his discharge in bankruptcy. Notwithstanding appellant sought and obtained permission to pursue his remedies against the judgment debtor's exempt property, he took no effective steps to prevent a final adjudication that the bankrupt Terry be discharged from the debt which appellant had had allowed in the bankruptcy court as an unsecured demand.

In *Stove Works v. Caswell,* 50 Kan. 787, 32 Pac. 362, in which bankruptcy played no part, a judgment had been rendered on which executions were issued, which it was alleged were not properly served and returned. A motion to amerce was filed but before it was heard, in another district court in another action between the same parties it was adjudged that the first judgment be released, satisfied, canceled and held for nothing. Reference is made to the opinion in the above case for a more complete statement of the facts. It was held that where it appears at the time of hearing the motion to amerce that the judgment on which the execution was issued had been canceled, the trial court did not err in overruling the motion to dismiss. Under the reasoning and holding of the cited case the situation existing at the time of the hearing of the motion is controlling.

In *Needham v. Matthewson,* 81 Kan. 340, 105 Pac. 436, 135 Am. St. 374, 26 L. R. A. (ns) 274, cited by the appellee, it was held that the effect of a discharge in bankruptcy is to extinguish a preëxisting debt and not merely to bar the remedy thereon. Appellant directs our attention to *Butler Bros. v. Twineham,* 134 Kan. 547, 7 P. 2d 531, where the above case is discussed and the holding thereof explained. Involved in the case was the question of the liability of a surety of the debtor, a matter later mentioned. For present purposes we direct attention to the first two paragraphs of the syllabus:

"A discharge in bankruptcy of a debtor does not operate to destroy the debt, but does effect a release of the bankrupt which bars the enforcement of the collection of the debt.

"A discharge in bankruptcy is personal to the bankrupt, and one who joins

with him in the execution of an obligation as surety is not released from liability by reason of the discharge of the bankrupt."

And as bearing on the question of the effect of bankruptcy attention is directed to G. S. 1935, 60-3601, which in substance provides that where any bankrupt shall file an affidavit with requisite certificate of his bankruptcy, it shall be the duty of the court to make an order that no execution or other process shall issue, and to G. S. 1935, 60-3602, that in any case where any person who may be discharged from his debts and shall produce a certificate of discharge, it shall be the duty of the court to enter a discharge of any such person from any and all liability thereon and cause the record to be so endorsed.

Appellant also contends that Terry had made no appearance in the state court since judgment was rendered against him, and that at no time could he have asserted his exempt property could not be taken on execution (see G. S. 1935, 60-3507) and inferentially that the sheriff may not raise such a question. That contention is not good.

By way of summation, it appears that where a judgment on a work and labor claim has been rendered an execution may be issued and that no personal property is exempt from levy, and that when the sheriff neglects or refuses to make a levy or fails to make a due return he may be amerced, but where it appears on the hearing of the motion to amerce that the judgment debtor has received his discharge in bankruptcy, the effect of the discharge is to bar enforcement of the collection of the judgment. In such case whether the property is exempt or nonexempt becomes immaterial.

Appellant also contends that the judgment debtor Terry was primarily liable for the amount of the judgment in his favor, but that the sheriff, by failing "to properly attempt to collect" became secondarily liable, and our attention is directed to textbook authority that a discharge of the bankrupt does not affect secondary liability. There is no argument on that point. We so held in *Butler Bros. v. Twineham,* supra. It does not follow however that the appellee was in any sense a surety for Terry or that he had any secondary liability in the premises. His liability, if any, arose under the statutes to which reference has been made.

We are of the opinion that the trial court did not err and its judgment is affirmed.