No. 42,002

Carlys H. Johnson, *Appellant*, v. Ernest E. Bondurant, *Appellee.*

(359 P. 2d 861)

Opinion filed March 4, 1961.

*Jacob F. May,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins, Barton P. Cohen, Norma Braly* and *Frederick K. Cross,* all of Kansas City, were with him on the brief for the appellant.

*W. C. Jones,* of Olathe, argued the cause, and *John W. Breyfogle, Jr.,* of Olathe, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This case presents a rather novel and unusual question. The action was brought to recover for personal injuries sustained by plaintiff as a result of the alleged negligent operation of defendant's truck while being used on a construction project. During the pendency of the action defendant, who was covered by a liability policy of insurance, was adjudged a bankrupt and received his discharge.

Involved in the case is the question whether defendant's discharge in bankruptcy constitutes a complete defense to plaintiff's action—all as hereafter set forth.

The personal injuries were sustained on August 28, 1955, and plaintiff's petition, which is not abstracted, was filed on August 17, 1957.

An amended petition was filed December 11, 1958. It set out the alleged grounds of negligence on the part of defendant and the injuries sustained, with which, for present purposes, we are not concerned.

On December 29, 1958, defendant filed an answer to the amended petition denying generally plaintiff's allegations and alleging contributory negligence and assumption of risk on the part of plaintiff.

On February 16, 1959, defendant filed an amended answer, and on February 19, 1959, plaintiff filed a reply.

The case was set for trial for April 7, 1959, but, not being tried on that date, was reset for October 5, 1959.

On September 29, 1959, defendant, by leave of court, filed his second amended answer which denied generally the allegations of the amended petition and alleged contributory negligence and assumption of risk on the part of plaintiff. As a further and separate defense, the second amended answer contained the following:

"1. That on the 27th day of February, 1958, defendant was duly adjudged a bankrupt, under the Acts of Congress relating to Bankruptcy, by an order duly made and entered in the United States District Court for the District of Kansas.

"2. That on the 21st day of October, 1958, defendant, having complied with all the requirements of the Acts of Congress relating to Bankruptcy and all orders of the court, was declared by said court entitled to be discharged from all debts and claims provable under said Act of Congress against his estate and which existed on the 26th day of February, 1958, except such debts as are by law excepted from the operation of a discharge in bankruptcy, and a certificate of said discharge was duly issued to defendant, a copy of which is hereto

attached, marked 'Exhibit A', and made a part hereof as though fully set out herein.

"3. That the cause of action which is the basis of plaintiff's petition was due and owing at the date of filing of defendant's petition to be declared a bankrupt, and upon the date of said adjudication in bankruptcy, and was included in the schedule of debts owing by said bankrupt filed with his aforesaid petition. That said debt was one provable against the estate of this defendant in bankruptcy and is the same claim set forth in plaintiff's petition in the above entitled action. That said claim is one from which said discharge in bankruptcy released defendant and is not a claim which is excepted by law from the operation of said discharge.

"Wherefore having fully answered defendant prays that plaintiff recover naught by his suit and that defendant be discharged with his costs."

On October 12, 1959, plaintiff filed a reply to the second amended answer. The first paragraph thereof denied all allegations contained in the second amended answer except admissions of allegations in plaintiff's petitions—and then continued:

"For further reply to defendant's Second Amended Answer, plaintiff states that at the time of the casualty mentioned in plaintiff's petition, the defendant had purchased and was the owner of a liability policy of insurance issued by the United States Fidelity and Guaranty Company, an insurance corporation, which said insurance policy was at said time in full force and effect, and that under the terms and provisions of said policy, said insurance company agreed and was bound to protect the defendant from any liability to third persons, and particularly this plaintiff, arising from defendant's negligence in the ownership, use and operation of his lifting or derrick apparatus, and the vehicle on which same was mounted, as described in plaintiff's petitions. That said United States Fidelity and Guaranty Company, under the terms and provisions of said policy, obligated itself to pay any judgment that plaintiff might recover against defendant in this action to the extent of the policy limits of coverage.

"That if defendant was adjudged a bankrupt and has been discharged from the claim and debt represented by this action, nevertheless, by reason of the above and foregoing this action would in nowise abate for the reason that such discharge in bankruptcy would not relieve the United States Fidelity and Guaranty Company from its contractual obligation under the terms of its policy.

"That, therefore, such discharge in bankruptcy constitutes no defense to plaintiff's cause of action."

On November 13, 1959, defendant filed a demurrer to the above-quoted portion of plaintiff's reply on the grounds the allegations therein contained (1) do not constitute a denial of the new matter set out in the second amended answer; (2) are insufficient in that they do not set up a defense to the allegations of new matter pleaded in the second amended answer; (3) that the court no longer had jurisdiction of the subject of the action, and (4) that in such reply plaintiff had departed from the cause of action set forth in his amended petition.

On January 19, 1960, the demurrer, as to the first three grounds thereof, was sustained. At the time of making this order the court granted plaintiff twenty-one days in which to reply further to the second amended answer, and defendant was allowed ten days thereafter in which to plead to any further reply that may be filed by plaintiff.

Plaintiff has appealed from the order sustaining the demurrer to the quoted portion of his reply to the second amended answer.

Despite the apparent "inconsistency" in the trial court's order to the effect "it no longer had jurisdiction of the subject of the action," and its further order granting the parties additional time to plead—from the briefs and arguments made it seems clear that the question presented is whether, under all of the facts and circumstances pleaded, defendant's adjudication and discharge in bankruptcy constitutes a complete defense to plaintiff's action.

Section 34 of the Bankruptcy Act (Title 11, U. S. C. A.) provides:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

In *Butler Bros. v. Twineham,* 134 Kan. 547, 7 P. 2d 531, a judgment was rendered against a debtor from which he appealed and gave an appeal bond signed by a surety prior to a voluntary bankruptcy proceeding which resulted in the discharge of the bankrupt debtor. In a later trial of the appeal from the judgment it was held that the creditor was entitled to a special judgment against the principal and surety, but the court granted a perpetual stay of execution or other enforcement of the judgment as against the bankrupt and adjudged the surety to be liable on the appeal bond. On appeal to this court it was held that such judgment was not erroneous, and in paragraphs one and two of the syllabus it was held:

"A discharge in bankruptcy of a debtor does not operate to destroy the debt, but does effect a release of the bankrupt which bars the enforcement of the collection of the debt." (syl. 1.)

"A discharge in bankruptcy is personal to the bankrupt, and one who joins with him in the execution of an obligation as surety is not released from liability by reason of the discharge of the bankrupt." (syl. 2.)

In *Flowers v. Terry,* 170 Kan. 266, 225 P. 2d 94, it was held:

"A discharge in bankruptcy of a judgment debtor does not destroy the judgment but does effect a release of the bankrupt which bars enforcement of the judgment which has been allowed as a claim against the bankrupt's estate." (syl. 3.)

and in the course of the opinion (p. 270) it was said that a discharge of a bankrupt does not affect secondary liability.

A situation somewhat analogous to the one here was present in *Miller v. Collins*, 328 Mo. 313, 40 S. W. 2d 1062, in which it was held:

"The discharge in bankruptcy of the defendant, against whom judgment for damages was rendered in the circuit court and who appealed to this court from the judgment, who, after said appeal was perfected, filed his petition in the Federal court and was adjudged a bankrupt, and was discharged from all debts and claims existing or provable on the date his petition was filed, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy, and who scheduled said judgment as a liability against him, did not discharge an insurance company which had by its indemnity bond obligated itself to pay said judgment." (syl. 2.)

In the course of the opinion it was said:

"It is unnecessary to determine specifically that the insurer is a co-debtor, or a guarantor, or in any manner a surety for the assured, but it is clear that the insurer falls within one of these classifications. However, we are inclined to the view that the status of a liability insurer against loss is that of a guarantor, guaranteeing to pay in the event of liability determined and predicated on a judgment. . . . Consequently, the liability of the Globe Indemnity Company is not altered by the discharge of the bankrupt.

"Having been discharged in bankruptcy, it is clear that defendant cannot be made to pay the judgment. This does not prevent this court, however, from affirming the judgment against defendant, with a perpetual stay of execution, so as to leave the plaintiff at liberty to proceed against the Globe Indemnity Company. . . ." (p. 319.)

In the case before us the provisions of the liability policy of insurance are not abstracted, but in that portion of the reply to which the demurrer was sustained it is alleged that under the terms and provisions of the policy the insurer obligated itself to pay any judgment that plaintiff might recover against defendant in the action to the extent of the policy limits of coverage. It is true that in the Missouri case, above, the judgment was obtained prior to the adjudication and discharge in bankruptcy, but we believe the reasoning of that case is applicable to the question here presented.

It seems only logical to conclude that section 34 of the Bankruptcy Act, above, which provides that liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt, shall not be altered by the bankrupt's discharge, evidences a legislative intent to confine operation of the act to a bankrupt's assets at the time of adjudication, and does not operate to release claims against parties liable with the bankrupt, whether liquidated,

as in the case of debts, or unliquidated, as in the case of claims based on torts.

All of defendant's contentions have been examined and considered, but it appears that his arguments with respect to the provability of the right to recover damages in a negligence action instituted prior to and pending at the time of the filing of a petition in bankruptcy, overlook the fact that here it is conceded plaintiff cannot look to defendant personally for payment of any judgment that may be rendered—but, rather, to the insurer under the liability policy of insurance.

In the event this action comes to trial, all matters pertaining to the bankruptcy proceeding and the liability insurance policy in question have no place in the evidence or instructions by the court.

The order sustaining the demurrer to the quoted portion of the reply to the second amended answer was erroneous and is therefore reversed.