Vincent A. Lupiano, J.
Plaintiff moves for an order striking out the first affirmative defense pleaded by the defendant M. E. Olen. In this action brought to recover the reasonable value of professional services rendered, the defendant Olen moved for leave to serve an amended answer, pleading discharge in bankruptcy. That motion was granted without passing on sufficiency or merit, leaving the matter to the trial court. Motion to dismiss is not thereby precluded.
Attachment was issued and bond furnished to lift the attachment. Thereby, the surety undertook that the defendants in the action will, on demand, make payment to a stated extent of any judgment which may be recovered in the action.
Section 34 of title 11 of the United States Code provides: ‘ ‘ The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt.” Defendant argues that the attachment and bond are worthless in the circumstances here and discharge in bankruptcy must prevail both as to the debt and the bond because under the attachment there had been no *567 levy and no lien which conld prevent discharge in bankruptcy and discharge of plaintiff’s claim. The reason for the discharge of the attachment is immaterial if the bond is an obligation creating a right in the creditor which survives by reason of the Federal statute. (King v. Block Amusement Co., 126 App. Div. 48, affd. 193 N. Y. 608; Lutes v. Shenk, 285 App. Div. 416; McCombs v. Allen, 82 N. Y. 114; Hill v. Harding, 130 U. S. 699; Holyoke v. Adams, 1 Hun 223, affd. 59 N. Y. 233.) In Hill v. Harding (supra, pp. 703-704) the court stated: “ Such attachments being recognized as valid by the Bankrupt Act * 8 * a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of the attachment. 8 * « When the attachment has been dissolved, in accordance with the statutes of the State, by the defendant’s entering into a bond or recognizance, with sureties, conditioned to pay to the plaintiffs * 8 * the amount of that judgment * * * the bond or recognizance take the place of the attachment as a security for the debt of the attaching creditors * * 8 The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and within the spirit of that provision of the Bankrupt Act which declares that ‘ no discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.’ ” Defendant also refers to Hill v. Harding in which the court stated, in addition (p. 703): £< in the phrase of Chief Justice Waite in Wolf v. Stix, 99 U. S. 1, 9, whether £ the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed,’ depends not upon any provision of the Bankrupt Act, but upon the extent of the authority of the state court under the local law. ’ ’
The law of this State protects the plaintiff in the circumstances here as to his rights against the surety and consequently under the Federal statute that right is not impaired. In King v. Block Amusement Co. (supra), the warrant of attachment had been issued within four months of a filing of a petition in bankruptcy against the attachment debtor. There, too, the attachment had been discharged upon the furnishing of an undertaking and in that instance the surety had taken no security. It was held that the security remained valid and enforcible, and in Wyckoff v. Williams (136 App. Div. 495) it was held that discharge in bankruptcy does not impair liens or rights acquired by a creditor against third persons prior to the discharge.
*568 It clearly appears therefore that plaintiff is entitled to dismissal of the defense. In any judgment to be entered, however, in favor of the plaintiff, it shall be provided that it is not enforcible against the defendant and any of his property and assets. The motion is granted.