Louise M. Jorden *vs.* Mildred Ball & others.

Suffolk. February 6, 1970. — May 7, 1970.

Present: Wilkins, C.J., Spalding, Kirk, Spiegel, & Reardon, JJ.

*Fraudulent Conveyance. Equity Jurisdiction*, Fraudulent conveyance. *Husband and wife*, Fraudulent conveyance. *Words*, "Creditor."

A wife qualified as a "creditor" under G. L. c. 109A, and was entitled to set aside as fraudulent a conveyance by her husband of his solely owned property where it appeared in a suit in equity that both at the times of the conveyance and of the suit the wife was living apart from

her husband for justifiable cause pursuant to a decree under c. 209, § 32, and had a right to support and maintenance from him and a cause for divorce, and that divorce proceedings were imminent.

BILL IN EQUITY filed in the Superior Court on November 29, 1967.

The suit was heard by *Lurie*, J.

*Richard L. Hull & Francis J. Vita*, for the defendants, submitted a brief.

*Edmund M. Hurley* for the plaintiff.

SPALDING, J. This litigation arose out of a husband's conveyance of solely owned property to the defendant Ball after the entry of a decree in the wife's favor under G. L. c. 209, § 32, but before she filed a libel for divorce. The wife (plaintiff) brought this suit on November 29, 1967, to set aside the conveyance and have title to the property vested in her. Subsequently she brought a libel for divorce, and a decree (not appealed from) was entered granting the divorce and awarding the property to the plaintiff. From a decree in this suit setting aside the conveyance, and ordering the property conveyed to the plaintiff, the defendants appealed. The dispositive issue is whether a person in the plaintiff's position is a "creditor" within the meaning of the fraudulent conveyance act, G. L. c. 109A, §§ 1–13.

There were findings of the following facts. The plaintiff and her husband were married October 18, 1933. In 1946 the husband purchased the property in question (a parcel of real estate in Revere), taking title in his name. Sometime in 1959, the husband left the plaintiff and moved to Florida. There was evidence that he granted the plaintiff permission to remain in the house rent free until sometime in 1966. In March, 1967, the plaintiff brought a petition for separate support which resulted on October 31, 1967, in a decree declaring that the plaintiff was living apart from her husband for justifiable cause. On June 5, 1967, in Florida, the husband appointed the defendant Richard L. Hull, a lawyer practising in Massachusetts, as his attorney, to "execute, acknowledge and cause to be recorded any and all deeds or mortgages or contracts of sale which may be

necessary for me or desirable for me to execute. *And to receive payment from same in my behalf*" (emphasis supplied). Mr. Hull, as attorney-in-fact, on November 17, 1967, conveyed the property in dispute to his secretary, the defendant Ball. It is undisputed that the defendant Ball was acting as a straw for Mr. Hull. There was no actual consideration for this conveyance. Mr. Hull, however, claimed that the conveyance constituted payment to him for over one thousand hours of legal services rendered to the husband. The judge found this testimony to be false. On April 29, 1968, the plaintiff was granted a decree nisi of divorce, which included a provision that the property at issue be conveyed to her.

The defendants argue in substance that there was no jurisdiction in equity over the subject matter of this suit, because the plaintiff showed no claim against the defendants or interest in the property at the time of the conveyance. We disagree.

The uniform fraudulent conveyance act confers jurisdiction to set aside conveyances made with actual intent "to hinder, delay, or defraud either present or future creditors . . . ." G. L. c. 109A, § 7. The act is remedial. It provides a method by which the frustration of claims by a conveyance may be avoided, but it does not create new claims. To benefit from the rights it creates, a person must qualify as a "creditor," defined in the act as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." As we stated in *Blumenthal* v. *Blumenthal*, 303 Mass. 275, 278, "The remedy is incidental to the claim. If the claim is not established, then the whole proceedings fail, and the bill must be dismissed."

The determinative question is whether the plaintiff was a "creditor" within the meaning of c. 109A because at the time of this suit she had "*any* claim, whether matured or *unmatured*, liquidated or *unliquidated*, absolute, fixed or *contingent*" (emphasis supplied), which it could reasonably be said the conveyance was intended to frustrate. The

plaintiff, despite allegations to the contrary in her bill, did not establish any interest in the property in her own right at that time. Nor did she have any contractual claim against her husband, the sole cognizable ground in this Commonwealth for a wife's action at law against a husband. G. L. c. 209, §§ 2, 6, as amended by St. 1963, c. 765, §§ 1 and 2. While equity recognizes exceptions to this disability (see *Gahm* v. *Gahm*, 243 Mass. 374; *Giles* v. *Giles*, 279 Mass. 284), it is clear that none of them is here applicable, nor is it so contended.

The plaintiff, however, at the times both of the conveyance and of this suit, had a right as a wife to support and maintenance by her husband. G. L. c. 209, § 32. The disability of a wife to sue a husband, with the exceptions noted above, does not relieve a husband of this duty, or prevent a court from enforcing that duty at the behest of the wife. *French* v. *McAnarney*, 290 Mass. 544. Cause for divorce, subsequently sought and granted on the grounds of cruel and abusive treatment, also existed at those times. There thus existed in the plaintiff a claim, as yet unperfected, to her husband's support. There also existed a possible claim to the husband's assets pursuant to a divorce decree, the cause for which had already occurred. The question is whether the unperfected and contingent status of these claims disqualifies the plaintiff as a creditor under c. 109A. But the definition of a creditor in c. 109A explicitly includes claims that are "unmatured" or "contingent." We are of opinion that this language includes as "creditor" a woman in the plaintiff's circumstances whose claim, although not as yet reduced to a legal obligation, merely awaits some further step on her part which, as in the present circumstances, was likely to occur. In view of the lengthy estrangement and separation decree it was not unlikely that the plaintiff might seek a divorce, which in fact she did two weeks after commencing this suit. Thus, apart from c. 109A, she had an independent basis for bringing proceedings against her husband, and she could invoke the remedy provided in c. 109A in aid of that right.

We recognize that there are cases holding that a wife is a "creditor" who may set aside a husband's prior fraudulent conveyance only after a support or alimony decree for money has been entered. See *Willard* v. *Briggs*, 161 Mass. 58, 59; *Shepherd* v. *Shepherd*, 196 Mass. 179; *Doane* v. *Doane*, 238 Mass. 106, 111–112. The statutes under which they arose, e.g. St. 13 Eliz. c. 5, and Pub. Sts. c. 151, § 2, cl. 11, did not define "creditor" as broadly or as explicitly as the present c. 109A. Hence, these cases are not controlling in a situation arising under c. 109A. Nor is *Blumenthal* v. *Blumenthal*, 303 Mass. 275, to the contrary. In that case a wife who had been awarded a judgment for damages for a husband's breach of a separation agreement in New York was held not to be a "creditor" despite the literal applicability of "creditor" as defined in c. 109A. We there reasoned that the broad definition of creditor did not remove the then existing disability of a wife to enforce a contract against a husband. Since her claim was thus not legally cognizable — a situation materially different from the present — she was not a "creditor" under c. 109A.

We decide only that a woman adjudged to be living apart from her husband for justifiable cause, where divorce proceedings, as here, were imminent, qualifies as a "creditor" under c. 109A.

*Decree affirmed*
*with costs of appeal.*