[Civ. No. 16634. Fourth Dist., Div. One. Feb. 26, 1979.]

MATHEWS CADILLAC, INC., Plaintiff and Appellant, v.
PHOENIX OF HARTFORD INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Higgs, Fletcher & Mack and Joe N. Turner for Plaintiff and Appellant.

Post, Kirby, Wideman & Noonan and Gregory A. Post for Defendant and Respondent.

## Opinion

**STANIFORTH, J.**—Mathews Cadillac, Inc. (Mathews) appeals from an order and judgment of dismissal made pursuant to Code of Civil Procedure section 581a[1] for failure to have its judgment entered within three years after service of summons on defendant where no answer had been filed. On March 16, 1971, Mathews filed its complaint for breach of contract, breach of warranty, negligence and property damage naming seven defendants including, inter alia, V.P. Construction, Inc. (V.P.) and Larry S. Carroll, as administrator with will annexed of the estate of Vincent R. Provenzano, deceased (Carroll).

The action was based upon alleged defects in the construction of an apartment house project causing property damage. V.P. was personally served with summons and complaint on April 19, 1971; Carroll was served the following day. V.P. did not answer and a default was entered on this failure (June 24, 1971).

Meanwhile, V.P. on March 1, 1971, filed a petition in the United States District Court, San Diego, seeking to be adjudicated bankrupt. That court adjudicated V.P. bankrupt and on June 30, 1971, entered its order of discharge.

On December 1, 1971, Mathews filed its first amended complaint setting forth the same grounds against the same named defendants but adding as additional defendant Phoenix of Hartford Insurance Company (Phoenix). Phoenix's legal responsibility was charged as liability insurer of V.P. and [decedent] Provenzano on the apartment construction project; Phoenix was not otherwise involved in the dispute between Mathews and the other defendants.

On March 8, 1976, a default was entered against Carroll. No judgment has ever been entered against either V.P. or Carroll. Neither V.P. nor Carroll has ever filed an answer.

On February 23, 1977, more than five years after V.P. and Carroll had been served with process, Phoenix filed its motion to dismiss based upon Mathews' failure to have judgment entered within three years after

---

[1]All reference is to the Code of Civil Procedure unless otherwise specified.

service of process as required by section 581a, subdivision (c).[2] The trial court granted the motion, entered its order and judgment of dismissal as against V.P., Carroll and Phoenix, whereupon Mathews appealed.

Mathews contends the trial court erred in dismissing its complaint against V.P. in that V.P. was not "amenable to the process" of the superior court.[3] Mathews argues it was restrained from continuing its lawsuit against V.P. by order of the bankruptcy court discharging V.P. of its debts. The difficulty with Mathews' position is that it is based on a misconstruction of applicable federal law. Section 14 of the Bankruptcy Act (11 U.S.C. § 32) was amended in 1970 to add subdivision (f) which provides:

"An order of discharge shall

"(1) declare that any judgment theretofore or thereafter obtained in any other court is null and void as a determination of the *personal liability* of the bankrupt with respect to any of the following: (a) debts not excepted from the discharge under subdivision (a) of section 35 of this title; (b) debts discharged under paragraph (2) of subdivision (c) of section 35 of this title; and (c) debts determined to be discharged under paragraph (3) of subdivision (c) of section 35 of this title; and

"(2) *enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt.*" (Italics added.)

The primary reason for the amendment was to render needless the assertion by the bankrupt in state court of the affirmative defense of the discharge. (1A Collier on Bankruptcy, § 14.69, p. 1453.) The statute in so many words requires the order of discharge to contain the injunction banning creditors from enforcing discharged debts "as personal liabilities

[2]Section 581a, subdivision (c), provides: "All actions, heretofore or hereafter commenced, shall be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if no answer has been filed after either service has been made or the defendant has made a general appearance, if plaintiff fails, or has failed, to have judgment entered within three years after service has been made or such appearance by the defendant, except where the parties have filed a stipulation in writing that the time may be extended."

[3]Section 581a, subdivision (d), provides: "The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section."

of the bankrupt." Any judgment obtained in violation of the order is "null and void as a determination of the *personal liability* of the bankrupt." (Bankruptcy Act, § 14, subd. (f)(1) [11 U.S.C. § 32(f)(1)]; italics added.)

Section 14, subdivision (f), of the Bankruptcy Act, however, does not prohibit a creditor from pursuing an action against the discharged bankrupt for purposes of imposing liability on another person, such as a guarantor or indemnitor.[4] Concerning section 14, subdivision (f), Collier on Bankruptcy states: "But as mentioned, the provisions apply only as respects the personal liability of the bankrupt. *Where it is necessary to commence or continue a suit against a bankrupt in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred.*" (1A Collier on Bankruptcy, § 14.69, pp. 1454-1455; italics added.)

That section 14, subdivision (f) of the Bankruptcy Act imposes only a limited restraint on actions against discharged debtors is supported by the language of section 16 of the Bankruptcy Act [11 U.S.C. § 34) which provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt."

■ Where the terms of the indemnity contract, or law of the state, require a judgment against the bankrupt (indemnitee) before direct action against the insurer, no liability accrues as an enforceable claim against the insurer until recovery of a final judgment against the bankrupt. (Ins. Code, § 11580, subd. (b)(2); *Levy* v. *Superior Court,* 74 Cal.App. 171 [239 P. 1100]; *Jennings* v. *Ward,* 114 Cal.App. 536 [300 P. 129]; *Security B. & L. Assn.* v. *Maryland C. Co.,* 6 Cal.App.2d 77 [44 P.2d 370].)

In such circumstances, section 14, subdivision (f), and section 16 of the Bankruptcy Act permit a plaintiff to pursue his actions against the

[4]The Senate Report and the explanatory memorandum accompanying the adoption of the 1970 amendment adding section 14, subdivision (f), to the National Bankruptcy Act states: "These directives apply only to the *personal liability* of the bankrupt upon discharged debts, and, therefore, would not apply in those situations where judgments may be necessary under State law to enforce valid secured claims upon particular collateral and to preserve or enforce certain rights against persons other than the bankrupt arising from guaranteed obligations." (Sen. Rep. No. 91-1173, p. 11 (1970); 116 Cong. Record (1970) Pt. 26, p. 34819; italics added.)

discharged bankrupt to judgment but not to execution thereon. "[W]here a judgment against the debtor discharged in bankruptcy is a condition precedent to the liability . . . a judgment may be entered against the discharged debtor with a perpetual stay of execution." (1A Collier on Bankruptcy, § 16.06, p. 1536.)

 Thus, Mathews was free to pursue its action against defendant V.P. to judgment, but the state court was required then to enter a perpetual stay of execution in favor of the discharged bankrupt. When this condition precedent was fulfilled, Mathews could bring a direct action on that judgment against the insurer of the bankrupt. This procedure is long-established in California law. In *Hartnett* v. *Wilson,* 31 Cal.App. 678 [161 P. 281], the court ordered a perpetual stay of execution against a bankrupt, thus permitting the plaintiff to recover against defendants' surety.

The United States Supreme Court in *Hill* v. *Harding,* 130 U.S. 699 [32 L.Ed. 1033, 9 S.Ct. 725], held the predecessor statute[5] to the Bankruptcy Act did not prevent a state court from rendering judgment against a discharged bankrupt with a perpetual stay of execution, thus enabling the plaintiff to proceed against a surety. This principle of law remains the same under the existing Bankruptcy Act.

No California case is found interpreting the 1970 amendment; however, in *Kutza* v. *Parker* (1962) 115 Ohio App. 313 [185 N.E.2d 53, 55], the court interpreted section 14, subdivision (f), of the Bankruptcy Act in light of an Ohio insurance statute similar to California Insurance Code section 11580, subdivision (b), and held:

"In order that the statute, Section 3929.05, Revised Code, supra, may be given effect, it is essential that courts permit the rendition of a judgment against the bankrupt, for the reason that the insurance company is liable under its contract notwithstanding the discharge in bankruptcy of the insured; and to fix the extent of the insurance liability, if any, the tort action must be determined on its merits.

---

[5]The Act of 1867, section 33, provided: "[A]nd no discharge granted under this act shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as a partner, joint contractor, indorser, surety, or otherwise." 1A Collier on Bankruptcy section 16.01, page 1522, states: "All of the former Bankruptcy Acts contained similar provisions [to Bankruptcy Act, § 16] preventing a co-debtor, surety, or guarantor from escaping contractual liability by reason of a discharge in bankruptcy of the debtor. The reported cases under former laws thus remain of controlling significance."

"It therefore follows that the defense of bankruptcy in an action of the kind under consideration does not permit it to be interposed to prevent a judgment on the merits in the negligence action, but only operates to prevent execution against the defendant on the judgment." (*Ibid.*)

Similarly, in *Johnson* v. *Bondurant* 187 Kan. 637 [359 P.2d 861], the Kansas Supreme Court held that an action could be maintained against the insured, a discharged bankrupt, to secure a judgment enforceable against the liability insurer. (See also, *Handelman* v. *Olen,* 53 Misc.2d 566 [279 N.Y.S.2d 48]; *Smith* v. *Davis* (Me.) 158 A. 359; *In re General Steel Tank Company, Inc.* (4th Cir. 1973) 478 F.2d 294, 295-297; *Miller* v. *Collins* 328 Mo. 313 [40 S.W.2d 1062].)

We conclude Mathews was entitled to pursue its action against V.P. to judgment for the purpose of enforcing liability against Phoenix as the insurer of V.P. Mathews' contention that Bankruptcy Act section 14, subdivision (f), enjoined it from proceeding to judgment within three years of service on V.P. is without merit.

Finally, Mathews' contention it was enjoined from proceeding against the bankrupt is grounded upon the unproven assumption its claim was in fact discharged against V.P. Section 14 of the Bankruptcy Act applies only against creditors whose debts are *discharged.* Mathews was not listed as a creditor in the bankruptcy proceedings nor was there evidence before the trial court that Mathews had "notice or actual knowledge" of the proceedings in bankruptcy. (§ 17, subd. (a), of the Bankruptcy Act [11 U.S.C. § 35].) This further reason supports the trial court's dismissal of V.P. and Carroll under section 581a, subdivision (c).

Judgment affirmed.

Cologne, Acting P. J., and Wiener, J., concurred.