657 P.2d 903

**Lorene CLARK, as Personal Representative of the Estate of Harold M. Clark, deceased, and Harold Frizzell, Plaintiffs/Appellants,**

v.

**LeRoy J. ROSSOW and Margaret M. Rossow, husband and wife; Consociation for the Ideal Life Church of Minnesota, a corporation, and Adonis Corporation, a Massachusetts corporation, Defendants/Appellees.**

**Harold M. CLARK and Harold Frizzell, Plaintiffs/Appellants,**

v.

**LeRoy J. ROSSOW and Margaret M. Rossow, husband and wife, Defendants/Appellees.**

No. 2 CA–CIV 4303.

Court of Appeals of Arizona, Division 2.

Oct. 12, 1982.

Rehearing Denied Nov. 18, 1982.

Review Denied Jan. 5, 1983.

Sidney L. Kain, Tucson, for plaintiffs/appellants.

Seefeldt & Neal by Michael M. Neal, Tucson, for defendants/appellees.

OPINION

BIRDSALL, Judge.

This appeal arises out of two actions in the Superior Court in Pima County. In case No. 174230 the plaintiffs, Harold M. Clark[1] and Harold Frizzell, secured a money judgment for $27,159.73 against the defendants LeRoy J. Rossow and Margaret M. Rossow, husband and wife. This judgment was entered October 10, 1980, and was not appealed. The judgment creditors, appellants here, attempted to collect the judgment by garnishment proceedings in case No. 174230 and by a separate action, No. 191621, in which they alleged that the judgment debtors, Rossow, the appellees here, had made a fraudulent conveyance to the appellees Consociation For the Ideal Life Church of Minnesota and Adonis Corporation. They sought to have that conveyance set aside so they could execute on that real property in Pima County.

The appellees responded in the earlier case with a motion to have the judgment declared void. Since Mr. Rossow had been adjudged bankrupt in Minnesota, the judgment was discharged. That motion was granted. On September 1, 1981, the trial court entered an order declaring the judgment null, void and of no force or effect as to both Mr. and Mrs. Rossow.

■ In case No. 191621 the appellees moved for summary judgment on the theory that the prior judgment was void. Since the fraudulent conveyance complaint is predicated on an obligation claimed to be owing from the appellees Rossow to the appellants (the judgment in No. 174230) and there is no such obligation, the trial court properly dismissed the complaint. The fraudulent conveyance act, A.R.S. § 44–1001, et seq. does not create a new claim. If a claim does not exist there is no remedy. *Jorden v. Ball,* 357 Mass. 468, 258 N.E.2d 736 (1970); *Laidley v. Heigho,* 326 F.2d 592 (9th Cir.1963). The appellees Rossow were no longer creditors of the appellants. Only a creditor, that is, one having a claim, A.R.S. § 44–1001(3), may attack a conveyance as fraudulent. The appellants' reliance on cases such as *United States v. Midwest Livestock Producers Coop.,* 493 F.Supp. 1001 (E.D.Wis.1980) and *Mathews Cadillac v. Phoenix of Hartford Ins.,* 90 Cal.App.3d 393, 153 Cal.Rptr. 267 (1979) is misplaced. These cases deal with the liability of a third party for the debt. In the

---

1. Clark died while the case was pending and Lorene Clark as Personal Representative of his estate was substituted in his stead.

instant case there is no allegation that the grantees were liable for the obligation represented by the void judgment.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.