[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Amtex, Inc., of New York, alleges in a four count complaint that on December 12, 1990, it recovered a judgment in the Supreme Court in Bronx County, for approximately $365,000 against three defendants, jointly and severally, one of whom is the defendant in this present action, Michael Zeger. The plaintiff further alleges that on January 26, 1989, Zeger transferred to his wife, Joanne Zeger, his equity in their marital home located in Longmeadow, Massachusetts without substantial consideration, and that he was thereafter unable to pay his creditors, including the plaintiff. It is also alleged in this count that Joanne Zeger sold this home in June, 1990, to a third party and netted approximately $255,000 from the sale. In the second count, the plaintiff alleges that the conveyance to Joanne Zeger was fraudulent and that Joanne Zeger knew of her husband's debt to the plaintiff and knowingly conspired with him to defraud plaintiff. In the third count, the plaintiff alleges that Michael Zeger appropriated $75,000 from the plaintiff, his former employer, and used it to pay down the mortgage on the Massachusetts property before it was sold, and CT Page 1464 that this amount rightfully belongs to plaintiff. In the fourth count, plaintiff seeks an injunction preventing the Zegers from disposing of the proceeds of the sale of the home in Massachusetts.
The defendants filed an answer in which they admit that Michael did transfer his interest in his home to his wife Joanne on January 26, 1989; that the house was sold on June 1, 1990, for $375,000; and that the plaintiff did obtain a judgment against Michael Zeger in the Bronx, New York, in December. 1990. The defendants, however, deny all allegations of a fraudulent conveyance. Michael Zeger also filed a counterclaim alleging that he was a stockholder and investor in the plaintiff company and that he had been defrauded of a substantial sum of money by the principals of Amtex, Inc.
This case was referred to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes 52-434(a) and Practice Book 428 et seq. The referee conducted a trial and then filed a report containing a number of findings of fact, including: (1) that on January 24, 1989, Michael Zeger transferred his one-half interest in their jointly owned Massachusetts residence to his wife without monetary consideration, which left him with "essentially no assets or net worth"; (2) that Joanne Zeger netted approximately $158,000 from the June 1, 1990 bona fide sale of the subject premises to a third party; (3) that Michael Zeger made a $75,000 payment on the existing mortgage on the premises in question with funds obtained from Amtex, Inc. as a result of a scheme hatched in late 1988 which diverted money belonging to plaintiff to a "dummy" corporation controlled by himself and another person; and (4) that the plaintiff obtained judgment in New York in late 1990 against three defendants including Michael Zeger in the amount of $321,330 plus interest beginning May 1, 1989.
Based on these findings of fact, the attorney trial referee concluded: (1) that plaintiff had proved by clear and convincing evidence that Mr. Zeger's transfer of the Longmeadow, Massachusetts property to his wife constituted a fraudulent conveyance on his part under Massachusetts law, despite the fact that the conveyance occurred in January, 1989, before the rendering of the New York judgment in late 1990, since the transfer took place in "anticipation of incurring a debt or liability"; (2) that plaintiff failed to prove that defendant Joanne Zeger intentionally aided and abetted her husband in this fraudulent conveyance; (3) that Michael Zeger owes the plaintiff $116,484, consisting of one half of the equity on the sale of the subject premises, plus an additional $37,500 representing one half of the proceeds of the scheme by Michael Zeger and one other to defraud Amtex, Inc.; and (4) that plaintiff is not entitled to punitive damages or attorney's fees as claimed in the complaint. CT Page 1465
The defendant Michael Zeger did not file, pursuant to Practice Book 438, a motion to correct the referee's report, nor did he file exceptions thereto in accordance with Practice Book 439. It therefore follows that the factual findings by the referee must stand uncorrected. Our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield, 5 Conn. App. 104, 106,496 A.2d 994 (1985). Failure to file exceptions in the proper manner in effect constitutes a "waiver" of the right to "attack the subordinate factual findings contained in the report." Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989).
This court's authority in reviewing an attorney trial referee's recommendations as to the facts of a given case is a limited one in any event. The Supreme Court has stated that: (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439. "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989). According to Bernard v. Gershman, supra, 656, this court's task is to determine whether the conclusions of fact and law by the referee "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440.
The defendant Michael Zeger did file objections to the acceptance of the report pursuant to Practice Book 440, which challenge the referee's conclusions that he owed a debt to plaintiff at the time he transferred his interest in the subject premises in January, 1989, because the New York judgment in 1990 did not direct that interest commence until May of 1989. The second objection by defendants is to the referee's finding that Michael Zeger paid down the existing mortgage with $75,000 appropriated from the plaintiff.
The referee found that Massachusetts adopted the Uniform Fraudulent Transfer Act [UFTA] in Chapter 109A of its statutes. The UFTA was adopted in this state by Public Act No. 91-297, and codified in Connecticut General Statutes 52-552a to 5521.[1] The act distinguishes between present and future creditors. According to 552f of the Uniform Act, a transfer is fraudulent as to a creditor whose claim preceded the transfer if the transfer is made "without receiving a reasonably equivalent value in exchange" and "the debtor was insolvent at that time or the debtor became insolvent" as the result of the transfer. Regarding fraudulent transfers to present and future creditors, 52-552e of the Uniform Act indicates that fraud will be found if there is "actual intent" to defraud a creditor, or CT Page 1466 the debtor does not receive a "reasonably equivalent value" for the transfer, and the debtor was involved in a business with respect to which his remaining assets were "unreasonably small" in relation to that business, or the debtor intended to incur, or should have reasonably believed that he would incur debts that he could not repay. See Mass. Gen. Laws Ann. ch. 109A, 1 (West 1990); Jorden v. Ball, 258 N.E.2d 736, 737 (1970).
The referee made a factual finding, which must remain unchallenged in the absence of a motion to correct and the filing of exceptions, that the scheme to defraud Amtex, Inc. was planned in late 1988, a finding based in part on an affidavit by Michael Zeger, which was later purportedly repudiated. The referee concluded that even though the conveyance to his wife in January, 1989, occurred before the judgment against Michael Zeger entered in New York in 1990, and also before May 1, 1989, the date on which the judgment directed interest should begin to run, it was nevertheless fraudulent as to this plaintiff under fraudulent conveyance law as adopted in Massachusetts well prior to the relevant dates in the present case.[2]
This conclusion was based on a finding that the transfer took place "in anticipation of incurring a debt or liability," referring to the scheme to misappropriate funds belonging to plaintiff, and also that the transfer to his wife left Mr. Zeger "with no assets." With respect to the argument of defendants that the New York judgment decreed that interest would only begin to run on May 1, 1989, the referee found that this date was presumably chosen by the court in New York "because that is when the debt was fully liquidated, ie., had reached a definite/final level."
The referee's finding that Michael Zeger misappropriated $75,000 belonging to plaintiff and used it to pay down the mortgage on the Massachusetts property and thus increased the equity his wife received on the sale of the premises, is a factual one that again must remain unchallengeable for lack of a motion to correct and exceptions. Moreover, "[w]hether the conveyance in question was fraudulent is purely a question of fact," Tyers v. Coma, supra, 11, and based on the standard of review in Dills v. Enfield, supra, I could not find that the attorney trial referee's conclusion that the transfer of the Massachusetts property to Mrs. Zeger was fraudulent was an unwarranted, illegal or illogical one. To the contrary, I believe that, in the words of Practice Book 440, his recommendations were "properly reached on the basis of the subordinate facts found." Thus, no material error in the referee's report has been found, or any other sufficient reason why it is unacceptable Practice Book 443.
Therefore, judgment is entered in accordance with the report of the attorney trial referee in favor of the plaintiff to recover damages from defendant Michael Zeger the amount of $116,484. CT Page 1467
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of February, 1994.
William B. Lewis, Judge