**In re Dennis L. LEMBKE and Silvia B. Lembke, dba Elkhorn Oilfield Service, Debtors.**

**Bankruptcy No. 87–05931.**

United States Bankruptcy Court, D. North Dakota.

Nov. 10, 1988.

Charles Johnson, Bismarck, N.D., for Valentine Fettig.

William P. Zuger, Bismarck, N.D., Gary D. Ramsey, Dickinson, N.D., for debtors.

Mary E. Maichael, Dickinson, N.D., for Frank Steier.

Phillip Armstrong, Trustee, Minot, N.D.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before the court on motion of the movant, Valentine Fettig (Fettig), for relief from the injunctive effect of 11 U.S.C. § 524 in order that he might continue with a state court personal injury action in which the Debtor, Dennis Lembke (Debtor), is a co-defendant but who, along with his wife and co-debtor, has been granted a discharge in bankruptcy. The motion is resisted by the Debtors.

The facts bearing on this issue are not in dispute and are briefly the following: On December 1, 1987, Fettig commenced a civil action against the Debtor and Frank Steier dba Steier Oilfield Service for injuries allegedly caused by the Debtor's negligent operation of a vehicle owned by Steier. The accident occurred in March 1987. Unaware until December 1987 that the Debtors had filed for relief under Chapter 7 in October 1987, the civil summons and complaint were served upon the Debtor but thereafter no further action was taken

against him. Fettig moved for relief from stay on December 17, 1987, but withdrew the motion upon assurances by the Debtor's insurance company that it would appear and defend on his behalf. This precipitated several unsuccessful efforts to have the state court sever the claim against Steier from that of the Debtor. The state court refused, suggesting Fettig pursue the instant relief in bankruptcy court.

The Debtors obtained a discharge on February 10, 1988, and on September 26, 1988, Fettig moved to reopen the case so that relief from the § 524 injunction might be obtained and he be thereby free to pursue his remedies under state law. Fettig, both by his motion and at the hearing held on October 26, 1988, has assured this court that no relief is sought against the Debtor personally or his estate but instead he seeks only to determine the Debtor's liability and that of his insurance company. Both sides have thoroughly briefed the issue.

■■■ Section 524(a)(2) relied upon by the Debtors provides:

> (a) A discharge in a case under this title
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment or process, or an act, to collect, recover or offset such debt as a *personal* liability of the debtor, whether or not discharge of such debt is waived; (emphasis added).

That the prohibition of section 524(a)(2) is limited only to efforts seeking recovery from the Debtor personally, is evident from section 524(e) which specifically excludes from its operation efforts to recover from other entities who might be liable for the discharge debt.

> "Except as provided in subsection (a)(3) of this section [irrelevant to the instant circumstances], discharge of a debt of the debtor does not effect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).

What is important to keep in mind is that a discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability which, by virtue of section of 524(a)(2) bars its enforcement against him. The debt still exists, however, and can be collected from any other entity that might be liable. It has been said, as regards the effect of section 524(e) on an insurance companies' liability for the acts of its insured who obtains a discharge in bankruptcy, that the injunction does not affect a personal injury claimant's efforts to recover from the debtor's insurer so long as the insurer covers all defense costs and all potential liability. *In re Holtkamp,* 669 F.2d 505, 508–09 (7th Cir.1982). The Kansas case of *Johnson v. Bondurant,* 187 Kan. 637, 359 P.2d 861 (1961), involved facts similar to the case at bar. In that case the injured plaintiff brought a state action to recover injuries sustained as the result of the negligent operation of the debtor's truck being used on a construction project. While suit was pending, the debtor, who was covered by liability policy, filed for bankruptcy and obtained a discharge. The court, interpreting former section 34 of the Bankruptcy Act [1] said:

> "It seems only logical to conclude that section 34 of the Bankruptcy Act, above, which provides that liability of a person who is a co-debtor with, or guarantor or in any manner a surety for a bankruptcy, shall not be altered by the bankrupt's discharge, evidences a legislative intent to confine operation of the Act to a bankrupt's assets at the time of adjudication, and does not operate to release claims against parties liable with the bankrupt, whether liquidated, as in the case of debts, or unliquidated, as in the case of claims based on torts." 359 P.2d at 865.

Section 524(e) is broader than former section 34 of the Act in that the potential liability of other entities is not dependent upon a particular relationship. In the case of *In re Mann,* 58 B.R. 953 (Bankr.W.D. Va.1986), cited by both parties, the court said that section 524(e) suggests that the section 524(a) injunction is not meant to

---

1. 11 U.S.C.A. § 34 provides: "The liability of a person who is a co-debtor with, or guarantor or

in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

affect the liability of third parties nor prevent establishing their liability by whatever means necessary. The logic of this position is echoed in *In re White*, 73 B.R. 983 (Bankr.D.D.C.1987), where the court said:

"Any other outcome would result in a windfall to insurers, which receive premiums as the *quid pro quo* for providing insurance. Any other outcome would also disadvantage both innocent, third-party, personal-injury claimants...." 73 B.R. at 985.

The foregoing excerpt best expresses this court's feelings on the scope and applicability of the section 524(a)(2) injunction. It makes no sense legally or equitably for an insurer to escape insurance coverage for injuries caused by its insured merely by the happenstance of the insured's bankruptcy discharge. Such a result would be fundamentally wrong.

Accordingly, IT IS ORDERED that the movant Valentine Fettig be permitted to proceed to judgment in his pending personal injury lawsuit against the Debtor/Defendant Dennis L. Lembke presently pending in the North Dakota District Court for the Southwest Judicial District, providing that all costs of defense are borne by the Debtor's insurer, and provided further that there be no execution on the judgment against the Debtor personally or against any of the Debtor's assets save his liability insurance covering Fettig's lawsuit.