## In re PETTIBONE CORPORATION, et al., Debtors.

**Bankruptcy Nos. 86 B 1563 to 86 B 1571.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 9, 1993.

Kevin T. Keating, Richard P. Klaus, McDermott Will & Emery, Chicago, IL, for debtors.

Robert D. Kolar, Thomas M. Sheehan, Chicago, IL, for debtor Beardsley & Piper.

M. Paul Garfinkel, Rivkin Radler Bayh Hart & Kremer, Uniondale, NY, for debtors.

Dean Harvalis, Office of U.S. Trustee, Chicago, IL.

John B. Davidson, L.G. Davidson & Associates, Chicago, IL.

A. Russell Smith, Layborne Smith Gore & Goldsmith, Akron, OH.

William P. Smith, Chapman & Cutler, Chicago, IL.

David E. Bennett, Vedder Price Kaufman & Kammholz, Chicago, IL, for PL Committee.

Andrew J. Maxwell, Maxwell and Perlstein, Chicago, IL, for PL Trustee.

William L. Krueger, Roseville, MN, Thomas G. Wallrich, Fredrikson & Byron, Minneapolis, MN, for Richard Bursch.

Poissant & Twiss, P.C., Malone, NY, for Robert Premo.

Kenneth L. Cannon II, LeBoeuf Lamb Leiby & MacRae, Salt Lake City, UT.

Herbert L. Wisch, Wisch & Dyer, Ltd., Chicago, IL.

John S. Roadhouse, Conklin & Roadhouse, Chicago, IL.

Fritz K. Huszagh, Hinshaw & Culbertson, Chicago, IL, for Intern. Ins. Co.

Rogelio A. Villageliu, Office of U.S. Atty., Chicago, IL.

Richard C. Clark, Clausen Miller Gorman Caffrey & Witous, P.C., Chicago, IL, for Granite State Ins. Co.

## MEMORANDUM OPINION ON MOTION OF RICHARD & LORETTA BURSCH TO ALLOW POST-JUDGMENT INTEREST AS PART OF THEIR ALLOWED CLAIM (in the Policy Year 1980-81)

JACK B. SCHMETTERER, Bankruptcy Judge.

In this proceeding under Chapter 11 of the Bankruptcy Code, the Pettibone Corporation and its related companies reorganized. Their Plan was confirmed on December 9, 1988. The Court retained jurisdiction to determine any claims disputes that arose under the Plan in that case. The instant issue relates to one of those disputes.

The Products Liability ("PL") Trustee moved to allow the claim of PL claimants Richard and Loretta Bursch (collectively, the "Bursches"). The Bursches argue that, in allowing their claim, this Court should allow and authorize payment of all post-judgment interest due under non-bankruptcy law as part of their claim. Beardsley & Piper, a division of Debtor Pettibone Corporation and the defendant in Claimants' personal injury suit in another court, has objected to their request. The Bursches, Beardsley & Piper ("B & P"), the PL Trustee, and the Official Creditors' Committee of Product Liability and Personal Injury Claimants have all filed memoranda in support of their respective positions on this issue. No critical fact issue has been asserted by any party. Having considered submissions of counsel as well as the record in this case and in the personal injury suit (to the extent presented here), the Bursches' motion will be denied for reasons discussed below.

## BACKGROUND

In January of 1981, Richard Bursch suffered injuries while operating a machine that was manufactured by B & P. In June of 1985, the Bursches filed a personal injury suit against B & P in the United States District Court for the District of Minnesota. The jury found in favor of the Bursches, and a judgment was entered on April 24, 1991 awarding them a total of $888,-647.61. Due to a third party's contribution, the judgment entered against B & P was only in the amount of $509,619.61. The verdict and judgment were affirmed. *Bursch v. Beardsley & Piper,* 971 F.2d 108 (8th Cir.1992). The latter opinion gives further details about that case.

Under the confirmed Plan, the Bursches could liquidate their personal injury suit in another court. However, their actual monetary recovery against Debtor is governed by Pettibone's confirmed Plan of Reorganization ("Plan"). Plan, ¶ 7.05(a). The complex Plan has been subject of considerable litigation. In several earlier opinions, the Court has described how the class of personal injury claimants ("PL Claimants") recover under the Plan. *See In re Pettibone Corp.,* 134 B.R. 349 (Bankr.N.D.Ill.1991) (discussing the entitlement of claimants, Current Builders, Inc. and Fireman's Fund Insurance Company, to pre and post-judgment interest under the Plan); *In re Pettibone Corp. (Creditors' Committee of Products Liability & Personal Injury Claimants v. International Ins. Co.),* 135 B.R. 847 (Bankr.N.D.Ill.1992); *id.,* 121 B.R. 801 (Bankr.N.D.Ill.1990) (both discussing an action brought against two products liability insurers of Pettibone for allegedly violating the Plan); and *In re Pettibone Corp.,* 90 B.R. 918 (Bankr.N.D.Ill.1988) (discussing how a claim for post-petition injuries may classified under the Plan). Those discussions are incorporated by reference and need not be repeated here. In the context of those discussions and the Plan terms, the Bursches are entitled to claim part of their liquidated claim from the insurer for the applicable year of injury, and to seek to secure part of the balance from Note Pool proceeds provided by Debtors.

Fulfilling his duty under the confirmed Plan, the PL Trustee moved to allow the Bursches' claim. By a "Final Order Allowing Claims (Policy Period 1980–1981)" entered October 16, 1992, the Court made undisputed Findings, and granted the Trustee's motion.[1] The Findings therein that are relevant to the remaining issue to be decided under the Trustee's motion were:

1. Nine claims exist in the 1980–1981 policy period which aggregate to $9,600,-000. *Order* at ¶ 3.

2. Pettibone has insurance covering these claims through "step up agreements" with American Centennial Insurance Company (covering the first $5,000,-000 of liability as the primary carrier) and Harbor Insurance Company (covering the next $20,000,000 of liability). *Id.*

3. Pettibone has no remaining self-insured retention (i.e. deductible) owing for that policy year. *Id.* at ¶ 5.

4. The determination that the Bursches had an allowed claim of $509,619.61 was made "without prejudice to seek allowance of post-judgment interest in such amounts as this Court may allow by further order." *Id.* at ¶ 6.

The District Court judgment only granted pre-judgment interest to the Bursches that accrued before January 31, 1986 (when Pettibone filed its bankruptcy petition) and after December 9, 1988 (when Pettibone's Plan of Reorganization was confirmed) up to the date when judgment was entered. Pre-judgment interest that accrued under applicable non-bankruptcy law between the petition filing date and the confirmation date was excluded, and the Eighth Circuit affirmed the District Court's ruling on this issue. *Bursch v. Beardsley & Piper,* 971 F.2d at 113–15. Thus far, in the Order of October 16, 1992, this Court has allowed only the pre-judgment interest that was awarded by the District Court and requested in the PL Trustee's motion.

1. A copy of this order is attached as an appendix to this opinion.

The PL Trustee's motion did not request post-judgment interest. However, at the September 29, 1992 hearing on the PL Trustee's motion, the Bursches "requested that the Bankruptcy Court allow and authorize payment of the full amount of their claim including ... post-judgment interest." Bursches' Memorandum in Support of Motion, at 4. The order already entered by this Court has disposed of the Bursches' request for pre-judgment interest, and the Bursches are not seeking the allowance of pre-judgment interest already denied them in District Court. Thus, the only issue presented by the Bursches' request is whether they are entitled to post-judgment interest. If due, this interest would be accruing at a rate of $121.73 per day from April 24, 1991 onwards. The Trustee and Committee support this position.

The Court treated their request as one within the Trustee's motion which, to the extent the Bursches seek additional relief, remains pending for consideration of this limited issue.

### JURISDICTION

This issue is before the Court pursuant to 28 U.S.C. § 157 and is referred here under Local District Court Rule 2.33. This matter is also here pursuant to ¶ 7.05(b) of the Plan, which provides that a "PL Claim shall become an Allowed Claim at such time as it has been (i) reduced to final judgment in a court of competent jurisdiction ..., and (ii) determined to be an Allowed Claim by Final Order of the Bankruptcy Court." Thus, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Since this motion concerns the administration of the estate through the Plan, as well as the allowance of claims, this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

### DISCUSSION

The parties dispute whether the District Court in effect awarded the Bursches post-judgment interest, the import of the judg-

ment under non-bankruptcy law, and whether or not Bankruptcy Code § 524 permits the payment of such interest under the circumstances presented in this case. However, those arguments need not be reached here. Regardless of the merits of any of those disputes, the confirmed Plan unambiguously cuts off any entitlement to post-judgment interest.

Paragraph 7.05(b) of the Plan provides that, "[n]o interest on a judgment or settlement shall be included in such an Allowed Claim." [2] At the time, this provision reflected part of the complex bargaining to achieve a consensual Plan recommended by the PI Claimants Committee. This clause was discussed in *In re Pettibone Corp.*, 134 B.R. 349 (the Current Builders, Inc. and Fireman's Fund Insurance Company claim litigation). In that case, Fireman's Fund obtained a final judgment against Pettibone in Florida state court before Pettibone filed its bankruptcy petition. The judgment was then stayed by the bankruptcy case. When the state court regained jurisdiction, it entered an order granting Fireman's Fund both pre- and post-judgment interest. The PL Trustee then moved to allow this claim including the pre and post-judgment interest, and the Court allowed the former but denied the latter.

Pre-judgment interest was allowed as part of Fireman Fund's claim because of the nature of such interest. Pre-judgment interest is an element of damages rather than "interest on a judgment". *Id.* at 352. Thus, pre-judgment interest was not barred by ¶ 7.05(b). *Id.* On the other hand, post-judgment interest, including interest that accrued post-petition, was defined by the Plan as "interest on a judgment", and was therefore disallowed based on ¶ 7.05(b). *Id.* This Court observed in its opinion that,

any party may compromise its claim by a later contract. Such a compromise occurs when creditors agree to forego part of their claims in the debtor's plan of reorganization in order to maximize their overall recovery. A plan of reorganiza-

---

**2.** "Allowed Claim" is a defined term in the Plan which means, "any Claim against the Debtor to the extent that (a) proof of Claim was filed ...

and (b) ... the Claim is Allowed by a Final Order or pursuant to the Plan." Plan, ¶ 1.03.

tion is a contract which binds a debtor and its creditors....

Paragraph 7.05(b) represents part of such compromise by the class of tort claimants in their claims against Pettibone. In order to secure payment of their expected judgments, the class of tort claimants agreed in ¶ 7.05(b) to forego interest on such judgments otherwise due under state law. This Plan provision is essential to the orderly administration of the confirmed Plan.

*Id.* at 351–52 (citations omitted).

The Bursches ask this Court to disregard the plain language of ¶ 7.05(b) and interpret this provision as meaning that interest on a judgment may be allowed as part of a claim if the insurance limit has not yet been reached. The Bursches argue that post-judgment interest may be paid because Pettibone will not be affected by the additional liability since its self-insured retention for the 1980–81 policy year has already been exhausted and there is adequate insurance to cover this interest.

The Bursches rely upon this Court's discussion of *In re Jet Florida Systems, Inc.,* 883 F.2d 970 (11th Cir.1989), *In re Lembke,* 93 B.R. 701 (Bankr.N.D.1988), and other similar cases to support their argument. *Pettibone,* 134 B.R. at 352–53. *Jet Florida* and *Lembke* hold insurers fully liable even though the insured debtors were discharged from their obligations. *Id. See also In re Shondel,* 950 F.2d 1301, 1306–08 (7th Cir.1991) (adopting this position). The justification for these holdings is that insurers will not be relieved of their secondary liability when the debtor would "not be personally liable in any way that would interfere with the debtor's fresh start in economic life." *Jet Florida,* 883 F.2d at 975. *See also, Shondel,* 950 F.2d at 1308, *citing Jet Florida,* 883 F.2d at 975 ("the 'fresh start' policy 'is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured' ").

The holdings in *Jet Florida* and the other cited cases state the effect of Bankruptcy Code § 524 on creditors' allowed claims against debtors' insurers. Moreover, it is true that, like the debtor in *Jet Florida,* Pettibone's liability to the Bursches or other creditors would not be affected if the Bursches were allowed to recover post-judgment interest on their claim from the insurers. However, these cases are not relevant to the issue. Before considering the source of possible claim payment, it must be decided whether under the Plan this interest claim can be allowed at all. The Eighth Circuit's discussion of the Bursches' right to pre-judgment interest shows why.

In *Bursch v. Beardsley & Piper,* 971 F.2d 108 (8th Cir.1992), the Bursches argued that they were entitled to pre-judgment interest that accrued post-petition because B & P had sufficient insurance to pay for such interest. They cited *Jet Florida* and *Lembke* to support their argument. However, the Eighth Circuit rejected this argument, stating:

Although the Bursches have accurately summarized the law concerning the effect of a discharge on an insurer's derivative liability, the analysis underlying these decisions does not apply to the present case. Where a claim is discharged, the debt is recognized in bankruptcy—that is allowed—but the debtor is relieved of responsibility for it. Because this relief is limited to the debtor, a party derivatively liable for the debt, such as an insurer, remains responsible. *See, e.g., In re Jet Florida Sys.,* 883 F.2d at 973; *In re Lembke,* 93 B.R. at 702. Where a claim is disallowed, however, the debt is not recognized and the creditor is unable to share in any distribution of the debtor's assets.... In this situation, an insurer cannot be derivatively liable for the debt because the debtor was never principally liable for it. Because the cases which the Bursches cite presume that the underlying claim has been allowed, the cases are not relevant to the issue present here—whether the Bursches' claim should be allowed in the first place.

*Id.* at 114.

In addressing the issue of whether the Bursches had a substantive right to pre-

judgment interest, the Circuit Court found that § 502(b)(2) prevented the allowance of unmatured interest. *Id.* It added that

> The Bursches ask us to hold that Beardsley & Piper is liable for prejudgment interest because sufficient insurance coverage exists for such interest if Beardsley & Piper were liable. This logic amounts to legal bootstrapping.

*Id.* at 115. Thus, the Eighth Circuit would not hold B & P's insurer derivatively liable when B & P itself could not be liable as a matter of law.

The Bursches make the same argument there with regard to post-judgment interest as the argument that lost before the Eighth Circuit. They cite *Jet Florida* and *Lembke* to support their position that this Court should allow a claim barred by the confirmed Plan simply because the Debtor is sufficiently insured to cover such a claim. As the Eighth Circuit pointed out, *Jet Florida* and *Lembke* do not support this proposition. *Id.* at 114. The Bursches cannot collect against Pettibone's insurers when this part of their claim is disallowed because the insurers have only derivative liability for such claim, i.e. they cannot be liable if Pettibone cannot be liable. *Id.* A claim that is otherwise barred by a confirmed plan of reorganization is not allowed simply because insurance exists to pay it. The Bursches are making a claim against Debtors before this Court, not against their insurer.

Moreover, this Court's opinion in the Fireman's Fund claim litigation, 134 B.R. 349, does not support the Bursches' argument. Fireman's Fund requested allowance of all post-judgment interest as part of its claim. This request included interest that accrued post-petition and post-confirmation because the judgment granting such interest was entered post-confirmation. However, this Court did not allow inclusion of that interest. *Pettibone*, 134 B.R. at 352–353. The Court's discussion of *Jet Florida* and *Lembke* was inserted to distinguish these cases by pointing out that Pettibone would have been corporately liable for the post-judgment interest if such interest had been allowed as part of the claim. *Id.* The basis for that opinion was not that Pettibone would be affected by the inclusion of post-judgment interest, but that Plan ¶ 7.05(b) prohibited inclusion of interest on a judgment as part of any allowed claim.

The Bursches further argue that denying the allowance of post-judgment interest would be inequitable. The first response to this argument is that a Bankruptcy Judge is not a free-wheeling ombudsman entitled to apply his or her view of fairness apart from the law. More pointedly, the present situation, in which Pettibone's insurance coverage exceeds the sum of the judgments against it for any policy year, was foreseeable during the Plan confirmation process. The interests of the PL Claimants, including the Bursches, were represented during that process by a special Committee represented by independent counsel. That Committee participated actively in negotiation of the Plan. Moreover, in 1988 (when the Plan was confirmed), all PL Claimants and their Committee could have considered the possibility that the nine claims in the 1980–81 policy year would not aggregate to $25 million.[3] Yet the PL Claimants as a class agreed by their votes to accept the Plan with the language contained in ¶ 7.05(b). (It is ironic, though not necessary to this opinion, that even the Bursches apparently voted for the Plan.) They, the Debtors, and all creditors are contractually bound by the confirmed Plan. That Plan represented a complex pattern of bargaining and compromise involving many clashing interests. Therefore, the denial of post-judgment interest is not in any sense inequitable; this Court is merely limiting the Bursches to getting their contractual entitlement under the confirmed Plan, which binds them as well as the Debtors.

Plan provision ¶ 7.05(b) is clear by its terms. The attempt to interpret a clear provision to mean something else because of some presumed intent held by different

---

**3.** Schedule III attached to the Plan lists the amounts of all nine of these claims, and the total amount for that year is listed as $16,706,-423.14.

parties in negotiations has no merit. As the "plain meaning" of statutory language should be enforced by courts, so should the plain meaning of a confirmed Plan of reorganization. A bankruptcy judge cannot attempt to divine intent behind clear language in a confirmed Plan, any more than one should attempt to divine Congressional intent behind clear legislation.

Because the Plan controls, other issues raised under bankruptcy law and Minnesota law need not be reached. The District Court judgment and Eighth Circuit opinion has liquidated the Bursches' claim, but the confirmed Plan determines and limits what they actually recover on their liquidated claim.

## CONCLUSION

Accordingly, the Bursches' motion for allowance of post-judgment interest as part of their previously allowed claim is denied.

## APPENDIX

## UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

## FINAL ORDER ALLOWING

## CLAIM (POLICY PERIOD

1980–81) (Bursch)

[Filed Oct. 19, 1992]

## FINAL ORDER ALLOWING CLAIMS (POLICY PERIOD 1980–81)

These cases coming to be heard on the Motion of PL Trustee to Allow Claim (Policy Period 1980–81) and For Other Relief (Motion"); due notice having been given to the "short" service list, the PL claimants in the Policy Year, and the PL Insurers in the Policy Year; counsel for each of the PL Trustee, American Centennial Insurance Company, Harbor Insurance Company, the PL Committee, and Richard and Loretta Bursch having appeared in open court; the Court having reviewed the Motion, consid-

ered statements of counsel, and being advised in the premises;

THE COURT MAKES THE FOLLOWING FINDINGS IN REGARD TO THE MOTION:

1. Pursuant to the Plan of Reorganization, as modified by "Debtors' Modifications dated December 9, 1988, to Debtors' Plan dated October 19, 1988" (collectively the "Plan"), and the Order entered on December 9, 1988, confirming the Plan, this Court previously modified the automatic stay provided by Bankruptcy Code Section 362 and the injunction provided by Bankruptcy Code Section 524 for the "limited purpose of permitting such PL Claimant [as defined in the Plan] to prosecute its PL Claim [as defined in the Plan] to judgment or settlement in order to fix the amount of its Allowed Claim [as defined in the Plan]."

2. The Disclosure Statement filed by Debtors, as amended, Article VII—"Class 3 PL Claims", in Subsection F—Information About the Policy Years", and Schedule III made a part of the Plan, discloses for Policy Period 1980–81 nine (9) claims in the approximate total sum of $9,600,000.00, no remaining self-insured retention ("SIR") or "Annual Uninsured PL Amount", and a "step up agreement" with American Centennial Insurance Company ("American") to provide the first $5,000,000.00 in policy limits as the primary insurance carrier. Harbor Insurance Company ("Harbor") is the insurer for the next $20,000,000 of insurance coverage.

3. One of the claims present in Policy Year 1980–81 (the "Policy Year") which are eligible to become Allowed Claims, is the following claim:

*Richard and Loretta Bursch v. Beardsley & Piper, et al.* No. Civ. 5–85–202 (U.S. District Court for the District of Minnesota, Fifth Division)

Nos. 91–2891/91–3028 (U.S. Court of Appeals for the Eighth Circuit)

(hereinafter the "Claim")

4. The Claim is the subject of a judgment in accordance with Paragraph 7.05(b) of the Plan. A copy of each of the Order for Judgment and Order for Judgment on Contribution Claim and excerpt of Memo-

randum issued by the District Court, and the Opinion issued by the Court of Appeals, is attached hereto and made a part hereof as exhibits A, B, and C, respectively. PL Trustee has represented that the judgment entered by the District Court on April 24, 1991, in the sum of $888,647.61 (the "Judgment"), which includes prejudgment interest, excluding the period of the automatic stay in these bankruptcy cases, in the amount of $64,171.41. The Judgment has been reduced by the sum of $379,028.00 as a result of the payment by a co-defendant of that amount directly to the PL Claimant. The remaining balance of the Judgment, without the addition of any post-judgment interest after the date of the Judgment but without prejudice to seek the allowance of post-judgment interest in such amounts that this Court may allow by further order, should now be allowed as a Class 3 claim in the amount of $509,619.61.

5. There is no remaining SIR or "Annual Uninsured PL Amount" for the Policy Year.

6. The Claim is entitled to entry of a Final Order by this Court, and the Claim should be determined to be an Allowed Claim in the total amount of $509,619.61, without prejudice to seek the allowance of post-judgment interest in such amounts that this Court may allow by further order.

7. Upon determination of the Claim as an Allowed Claim, the PL Trustee is entitled to entry of an order directing immediate payment to the PL Trustee by American Centennial Insurance Company of the proceeds of the insurance policies in the amount of $509,619.61 to the PL Trustee for the benefit of the PL Claimants, in accordance with Paragraph 7.03 of the Plan.

8. Upon payment by American Centennial Insurance Company to the PL Trustee in the amount of $509,619.61 on account of the Claim, American Centennial Insurance Company is entitled to an order discharging it and releasing it from any further liability or obligation for the Claim to the extent of the amount paid.

9. Upon receipt by the PL Trustee of the proceeds of the insurance policies on account of the Claim from American Centennial Insurance Company, PL Trustee shall invest, administer and pay the funds paid in accordance with the Plan.

10. All claims in the Policy Year have not been settled or reduced to judgment so as to become Allowed Claims pursuant to Paragraph 7.05(b) of the Plan. Because all claims have not yet been settled, and all claims in the Policy Year have not been determined or ordered to be Allowed Claims, the distribution of the proceeds of the insurance policies "in a concurrent Pro Rata distribution" to each Allowed Claim in the Subclass (Paragraph 7.06(e)(iii), of the Plan), without further motion is "inconsistent with the provisions of a PL Insurance Agreement for the related Policy Year [and] subject to the provisions of Article VI with respect to the Class 4 Participation", and are subject to reserves pursuant to Paragraph 7.06(e)(ii) of the Plan, subject to further order of this Court.

11. The "adequate provision" for PL Trustee administrative expenses, set forth in Paragraph 7.06(e) of the Plan, shall be determined by further order of this Court.

12. Adequate and sufficient notice of the Motion has been given, and no further notice is required.

IT IS ORDERED THAT THE FOLLOWING RELIEF BE AND IS HEREBY GRANTED:

a) The Claim is an Allowed Claim in the amount of $509,619.61, to be paid to the PL Trustee in cash equivalent, and the Allowed Claim is a Final Order without prejudice to the Burschs' entitlement to seek allowance of post-judgment interest in an additional amount;

b) American Centennial Insurance Company shall pay to the PL Trustee, within thirty (30) days of the date of this order, the amount of $509,619.61 on account of the Claim;

c) The Allowed Claim is without prejudice to seek the allowance of post-judgment interest as an addition to the amount of the

Allowed Claim in such amounts as this Court may allow by further order;

d) Upon payment by American Centennial Insurance Company to the PL Trustee in accordance with Paragraph (b) of this order, American Centennial Insurance Company shall be discharged and released from any further liability or obligation for the Bursch claim to the extent of the amount paid; and

e) Upon receipt and deposit by the PL Trustee of the payment of the insurance proceeds from American Centennial Insurance Company, PL Trustee shall invest, administer, and pay the funds in accordance with the Plan.

Date: Oct. 16, 1992.

/s/Jack B. Schmetterer
Enter:
Hon. Jack B. Schmetterer
U.S. Bankruptcy Judge